CASE 22—PETITION EQUITY—FEBRUARY 3.

# Greenhill v. Biggs, &c.

### APPEAL FROM CARTER CIRCUIT COURT.

ADVERSE POSSESSION—JOINT TENANTS.—While it is a general rule that the entry of one tenant in common will inure to the benefit of all, one tenant in common may so enter and hold as to render the entry and possession adverse, and amount to an ouster of a co-tenant; nor is it necessary to bar a recovery that the co-tenant should have notice that the possession is claimed to be adverse to him, it being sufficient when one joint owner holds and claims the land continuously for the statutory period, and in such manner as to apprise the other joint owner of the adverse character of the possession.

WM. BOWLING FOR APPELLANT.

The thirty years' statute of limitations seems to be a bar to appellee's action. But if not, the fifteen years' statute is certainly a complete bar. (Gen. Stats., chap. 71, art. 1, secs. 1 and 4; Conner and Wife v. Donner, &c., 6 Bush, 634; Chambers v. Pleak, 6 Dana, 431-2; Morton, &c., v. Lawson, 1 B. Mon., 46; Gossom v. Donaldson, 18 B. M., 241; Branson v. Thompson, 5 Ky. Law Rep., 361-2; Odell v. Little, 6 Ky. Law Rep., 30.)

Greenhill v. Biggs, &c.

J. D. JONES AND R. D. DAVIS FOR APPELLEES.

Appellees' cause of action did not accrue until after the death of Mrs.
   Biggs, which occurred within fifteen years before this action was
   instituted. Therefore, the statute does not apply. (Kirk v. Nichols'
   Heirs, 2 J. J. M., 470; Connelly's Heirs v. Chiles, 2 Marsh., 243.)

E. F. DULIN ON SAME SIDE.

As Thompson and his vendees entered as tenants in common with
   appellees, who never had any notice that their holding was intended
   to be adverse, appellant cannot rely upon the statute.

A. DUVALL ON SAME SIDE IN PETITION FOR REHEARING.

Mrs. Biggs was entitled to dower, and the legal presumption is that she
   held under the title of the husband. (Frazier, &c., v. Naylor, &c.,
   1 Met., 593.)

   *Until dower was assigned* she was entitled to the mansion house and
   to the whole tract, rent free. (Chaplain v. Simmons, 7 Mon., 338.)

   As dower was never assigned, the right of the heirs to sue first ac-
   crued upon the death of the widow, and their right was not barred
   until the lapse of fifteen years from that date. (Kirk v. Nichols'
   Heirs, 2 J. J. M., 470; Connelly's Heirs v. Chiles, 2 Marsh., 243.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

About the year 1840 Hiram Biggs purchased of one
Rice, the patentee, the land in controversy, receiving a
bond for title, but without taking actual possession re-
moved to the State of Ohio, where he died about 1841 or
1842. And some time thereafter his widow and eight
children removed on the land, erecting a house and
occupying it until 1848, when the title bond given by
Rice was assigned, or attempted to be assigned, by
the widow and three of the children to Thompson,
who thereupon took possession. Thompson sold the
land soon after his purchase to Pennington, and he to
Dickerson, who held possession until 1861 or 1862, when
he sold it to Ross, who held and claimed all the land as
his own until 1869, when he sold and conveyed it to
appellant Greenhill, who has held and claimed it ever
since.

This action was brought May 9, 1881, by the seven heirs-at-law of Hiram Biggs, one of them having died, to recover the entire tract. But the court rendered judgment for only four sevenths, dismissing the petition as to the three children, who, with their mother, executed the assignment of the title bond to Thompson in 1848.

There is filed as an exhibit with the amended petition a copy of the record, or part of the record, of an action by Thompson against Rice and the widow and children of Hiram Biggs, instituted in 1854, in which he filed the title bond mentioned, and asked for a conveyance to him by Rice of three-eighths, intended to be three-sevenths of the land, in virtue of the sale and transfer to him by the widow and three children in 1848, and judgment was in 1859, in that action, rendered accordingly. But whether a deed was made to him, or to the other four children of Hiram Biggs in pursuance of the judgment, does not appear. But in 1865 he made an absolute deed for the whole land in severalty to Ross, who was then in possession, as he had been since 1862, when he purchased from Dickerson.

At the date of the assignment of the bond in 1848, none of the children were of full age, and it of course might thereafter have been avoided by the three children. But all were of the age of twenty-one years in 1865 when the deed was made by Thompson to Ross.

The ground upon which the lower court decided the statute of limitation constituted no bar to recovery by the four children, not parties to the assignment in 1848, and rendered judgment in their favor for four-sevenths of the land is, that Thompson and his vendees entered and held as tenants in common with them.

There can be no question of the correctness and frequent application by this court of the general rule that the entry of one tenant in common will inure to the benefit of all. But, in regard to it, this court, in the case of Gill & Simpson v. Fauntelroy's Heirs, 8 B. M., 177, said: "This proposition is based upon the supposition that the entry is made either *eo nomine* as tenants in common, or that it is silently made without any particular avowal in regard to it, or without notice to a co-tenant that it was adverse. An entry of the latter character would not be presumed adverse. So, also, possession by one tenant in common *as such* will be the possession of the co-tenants also, and in the absence of proof to the contrary the presumption would be that the possession was so held. But the doctrine has been long since held, and the authorities already cited sustain it, that one tenant in common may so enter and hold as to render the entry and possession adverse, and amount to an ouster of a co-tenant."

We do not think the thirty years' statute can avail appellant in this case. For although more than that period of time elapsed from 1848 to the commencement of this action in 1881, there is not sufficient evidence to show that Thompson or any of his vendees, previous to 1865, purchased, claimed or held the whole land in severalty. On the contrary, Thompson, in the action instituted by him in 1854, presumably for the benefit of his vendees, claimed only an undivided interest of three-sevenths, and recognized the title of appellees to the remaining four-sevenths. Consequently, the cause of action did not accrue to appellees until after that time.

But from 1865, Ross and appellant, his immediate

vendee, held and claimed under the deed of that date, which conveyed title to the whole land, and their possession having been actual, open and continuous, amounted to a denial of the title of appellees to any part of it. It is true, it does not satisfactorily appear that appellees had actual notice fifteen years before the commencement of this action that the possession was claimed to be adverse to them. But actual notice has never been held by this court to be necessary in order to constitute adverse holding a bar to recovery in such case, it being deemed sufficient, when one joint owner holds and claims the land continuously, and in such manner as to apprise the other joint owners of the adverse character of the possession. (Russell's Heirs v. Marks' Heirs, 3 Met., 37.)

In Farrow's Heirs v. Edmundson, &c., 4 B. M., 605, decided in 1844, it was held that in analogy to the rules applicable to landlord and tenant, an agent might place himself in a hostile attitude to his principal, and by openly and publicly claiming and treating the land as his own, alienating portions of it and delivering the possession, and continuing such acts for more than twenty years, justify a presumption of notice from the time he thus placed himself in an attitude of hostility to the title of his principal.

In Riggs v. Dooley, 7 B. M., 236, it was held that as soon as the purchaser of one tenant in common set up claim in his own right to the whole tract, and claimed to hold against all the heirs, his possession was adverse, and the statute commenced running against the two heirs who had been tenants in common with him as soon as they had notice of the adverse holding. And after a

lapse of twenty years continued assertion of right, notice from the commencement of the adverse holding might be presumed. And it was so expressly held in Russell's Heirs v. Marks' Heirs just referred to. (Gill and Simpson v. Fauntelroy's Heirs, 8 B. M., 177, and Larman v. Huey's Heirs, 13 B. M., 436.)

In this case the evidence is conclusive, that from 1865 Ross and appellant held and claimed the land adverse to the title of appellees openly and continuously, and in such manner as to apprise them, for more than fifteen years before the commencement of the action; and according to the well-settled doctrine of this court, and the policy of the law, they must be presumed to have had notice thereof from the commencement of the adverse possession. Consequently, the statute of limitation is a bar to any recovery, and the judgment must be reversed, and cause remanded, with directions to dismiss the petition of appellees.