**Richmond.**

## WOODS V. EARLY.

NOVEMBER, 18, 1897.

1. CHANCERY PLEADING—*Petition to Rehear—Requisites of.*—A petition to rehear a chancery suit, which does not allege the discovery of new and important testimony not known or accessible to the petitioner before the former hearing, and which points out no error upon the face of the former decree should be dismissed.
2. DEED FROM TENANT IN COMMON—*What Interest Conveyed.*—A deed from a tenant in common carries to the grantee only an undivided interest in the property, no matter by what description the property is conveyed.
3. TENANTS IN COMMON—*Proposed Changes by One Tenant to Injury of Another—Injunction—Case in Judgment.*—A tenant in common has no right to alter or change the common property to the injury of his co-tenants without their consent, and where such injury would be material, continuing, and not adequately reparable in damages, it may be restrained by injunction. In the case in judgment the evidence shows that the appellant and the appellee are tenants in common of the property in question, and that the alterations in the building proposed by the appellee would materially damage the property of the appellant.

Appeal from decrees of the Circuit Court of Albemarle county pronounced May 19, 1897, and August 18, 1897, in a suit in chancery wherein appellant was the complainant, and the appellee was the defendant.

*Reversed.*

The opinion states the case.

*Jno. B. Moon* and *James H. Gilmore,* for the appellant.

*D. Harmon, J. W. Fishburne* and *C. W. Allen,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

This is an appeal from two decrees of the Circuit Court of Albemarle county, and the case presented is as follows:

In 1848 George Carr and William P. Farish bought a certain lot on Court street, now North Fifth street, in the city of Charlottesville, Va., from the executor of John Winn, deceased. Upon this lot, and a short time after their purchase, Carr and Farish built a brick house containing two office rooms separated by a passage way, each office opening into the passage by a door, and the passage way being the only way of access to the offices and to a vacant lot in the rear, as the building covers all the front of the lot on North Fifth street. On July 1, 1867, Farish conveyed his interest in this property to R. R. Prentis and Charles Wood, describing the property as "a certain brick tenement and lot situated upon the eastern side of Fifth street in the town of Charlottesville, and which said lot is so much of the property that was conveyed to William P. Farish and George Carr by G. W. Southall, executor of John Winn, deceased, by deed bearing date December 11, 1848, as was lately occupied by Judge Alexander Rives as a law office, and which is now so occupied by Fishburne & Carrington and the half of the office lately occupied by Judge E. R. Watson, and now by Prentis & Wood, and it consists of the offices themselves and the land ground which they cover, and a piece of land five feet wide in the rear of them and extending back in an easterly direction to an alley," &c. An interest in the property conveyed by this deed is now claimed under successive conveyances by the appellee, J. E. Early. George Carr retained his interest in the property until his death in 1886. After his death, on November 12, 1890, his widow and executrix, Linda P. Carr, conveyed a one-fourth undivided interest in the lot and build-

ing to Samuel B. Woods and Lewis D. Aylett, who also pur-
chased by a subsequent deed on the 22d of January, 1891,
another interest in the lot and building, one-half of the upper
office from C. D. Fishburne, one of the grantees of the Farish
interest. The deed from George Carr's executrix of November
12, 1890, to Woods and Aylett, describes the property con-
veyed thereby as "a one-fourth undivided interest in the lot and
brick building used as an office, located at No. 206 North Fifth
street, East (formerly known as Court street), between Market
and Jefferson streets; the other three-fourths undivided inter-
est in the property hereby conveyed belonging to C. D. Fish-
burne." The deed from C. D. Fishburne and wife of January
22, 1891, to Woods and Aylett, describes the property con-
veyed as "an undivided half interest in the law office now occu-
pied by said Woods and Aylett, with which the land attached
thereto was till recently owned jointly by said Fishburne and
the late George Carr, deceased, the property of which this is an
undivided half, now conveyed, is described as follows: Begin-
ning at the northwest corner of said property, thence along
Court street southward 20 feet 6 inches to a line passing east-
ward and westward through the centre of the passage or hall,
which is between said office of Woods and Aylett, and the law
office of C. D. Fishburne, thence eastward along said line 30
feet 9 inches to an alley parallel with Court street referred to
in the deed of W. P. Farish and wife to Prentis and Woods,
dated 1st of July, 1867, thence northward 20 feet 6 inches;
thence 35 feet 5 inches to the beginning; provided, that so long
as the interior walls of the building in which the two law offices
aforesaid are remain unchanged, the said passage way or hall
shall continue for the joint use and benefit of the owners of
the two offices aforesaid."

By deed dated the 24th day of April, 1896, Lewis D. Aylett
and wife conveyed their interest in the property to Samuel B.
Woods, describing it as being "the undivided half part of the
lot and building at No. 206 Fifth street, Charlottesville, Va.,

being the same conveyed to the said Woods and Aylett by George Carr's executrix, by deed dated the 12th day of November, 1890, * * * * * * * * * and by C. D. Fishburne by deed dated January 22, 1891, * * * * ."

The deed from J. E. Early's immediate grantor of the 20th of November, 1896, conveys to J. E. Early all of C. D. Fishburne's then interest in the property, and describes it as follows: "The following real estate in the city of Charlottesville, on the east side of Fifth street (formerly Court street) consisting of the brick office now occupied by the said Early, with the vacant lot in rear of it, the said property being a part of the property conveyed by John Wood, Jr., and wife to said C. D. Fishburne by their deed dated 27th of April, 1876, recorded, &c. This property which is now sold to said Early is bounded on the north by a line extending through the centre of the hall or passage, which separates the offices now sold from the office occupied by Samuel B. Woods from Court street eastward to what was described in deed from W. P. Farish and wife to Prentiss and Woods, dated 1st of July, 1867, * * * as an alley common to this and other lots 35 feet 9 inches from said Court street, &c."

With their respective interests in the property acquired as above stated, the appellant, Samuel B. Woods, was in April, 1897, occupying what is called the upper office, and appellee, J. E. Early, the lower office, and appellee declining all overtures of appellant to have an equitable partition of the building and lot owned by them, or to permit the appellant to unite with him in repairing or altering the building, proceeded to take off the door entering the front of the passage, to cut the brick wall, and to divide the floor of the passage way through the middle with the view of altering and remodelling the office claimed and occupied by him; whereupon appellant presented his bill of complaint, alleging all of the foregoing facts, and that he would be irreparably injured by the proposed changes in

the building, to the judge of the Circuit Court of Albemarle county praying an injunction to restrain J. E. Early from injuring and destroying, or tearing to pieces, any part of the passage way between the offices occupied by the complainant and defendant, respectively, as aforesaid, or the walls or doorways thereof, and from taking exclusive possession of any part of the passage way, and that Early be required to replace the door and repair the damage already done to the building, and the judge of the Circuit Court awarded an injunction according to the prayer of the bill.

Upon the coming in of the answer of the defendant, the cause was heard at the May term of the Circuit Court on the bill, demurrer, and answer, joinder in demurrer, general replication to the answer, affidavits, and documentary evidence, and the Circuit Court overruled the demurrer, but dissolved the injunction at the cost of the plaintiff, giving him leave, however, to file a petition for a rehearing or bill of review of the decree within fifteen days thereafter.

The petition to rehear was filed, and asked to be considered also as a bill of review, and the defendant having filed his answer thereto the cause was submitted by consent to the Judge of the Circuit Court for decision and decree in vacation. On August 18, 1897, the Circuit Court, by its decree in vacation, refused to rehear the decree entered in the cause at the May term, 1897, and dismissed the petition, or bill of review, with costs to the defendant.

The case here will be considered upon the record as it stood at the May term, 1897. The petition to rehear the decree then made could not have been treated as a bill of review as the decree of the May term was not a final decree, and as the petition to rehear did not allege the discovery of new and important testimony not known or accessible to petitioner before the former hearing and pointed out no error upon the face of the former decree, it was properly dismissed.

The defence relied on by appellee in his answer to the origi-

nal bill was that there had been at some time a parol agreement of partition of the property in question between William P. Farish and George Carr, or between their grantees, and that if this were not true, appellee, being the grantee of C. D. Fishburne, had a right to change the inner walls of the building in question because C. D. Fishburne had reserved that right to himself in the deed from him to Woods and Aylett of January 22, 1891, and the Circuit Court seems to have taken this view of the case when it dissolved the injunction. Be this, however, as it may, we are of opinion that the injunction should not have been dissolved. If the contention that there had been at some time a parol agreement of partition of this property between William P. Farish and George Carr, or between their grantees, is not abandoned, there is nothing in the record to sustain such a contention.

The appellee concedes in his answer to the original bill that appellant is the owner of a three-fourths interest in the office occupied by appellant, while appellant contends for an undivided interest in the whole property. They are unquestionably tenants in common of an undivided piece of property, and neither has the right to alter or change the property to the injury of the other without his assent.

The deeds of conveyance leading up to the present ownership of the property in appellant and appellee convey, in most instances, an undivided interest in one or the other of the offices and in none of them are restrictions put upon the use of the passage way by the owners or occupants of the offices unless it be the deed from C. D. Fishburne and wife to Woods and Aylett of January 22, 1891, and we do not think that deed admits of the construction contended for by appellee, namely, that it gave C. D. Fishburne, or his grantee, the right to alter the inner walls of the building and destroy the common use of the passage way at will. The contrary is the true construction of that deed, that is to say, the inner walls of the building could not be changed by either party in interest without the consent

of the other. It does not matter by what description the different interests in this property were conveyed, the conveyance carried to the grantee or grantees only an undivided interest in the property. *Cox* v. *McMullen*, 14 Gratt. 82.

The evidence is conclusive that from the time the building was erected, the passage way has been used in common by the occupants of both the offices, and appellant, while occupying his present office as a tenant, and since he acquired by purchase an interest in the property, has had uninterrupted use of the passage way without his right to do so being questioned up to the time that appellee began to make his proposed changes in the building; and it is also fully shown that to permit appellee to make the alterations in the building that he proposes would materially injure the property rights of appellant in this building. It is not enough to say that the building that appellee proposes to erect would enhance the value of the property around it, or that appellant would have sufficient access to his property. The question is: Would he be materially injured by the proposed alterations of the building? His right to the use of the passage way arises not from necessity or by prescription, but is contractual. If it were conceded, therefore, that the proviso in the deed from C. D. Fishburne to Woods and Aylett of January 22, 1891, meant, as claimed by appellee, that either party could at pleasure destroy the rights of the other in the passage way by simply making some alteration in one interior wall, still this provision is but in the nature of a limitation of the estate conveyed, and the limitation cánnot be extended beyond the estate conveyed. It could not affect the title that appellant had already acquired from the Carr estate to a one-fourth interest in the property. Appellee concedes that appellant acquired title from the Carr estate to one-half of the office he (appellant) occupied.

The design of this building erected by Carr and Farish, as before stated, was such as to make the passage way a necessary easement for the benefit of both offices, and as an approach to

the vacant ground in the rear, and it was used for this purpose for more than thirty years prior to the time when appellee acquired an interest in the property.    Fishburne, appellee's grantor, never raised any question that the owners of the property had the right to the joint use of the passage way.   He has testified in this case, and does not pretend to give such interpretation to the proviso in his deed to Woods and Aylett of January 22, 1891, as is contended for by counsel for appellee.   It appearing then that appellant and appellee are tenants in common of the property in question, and that the alterations in the building proposed by appellee would materially damage the property of appellant, the only question remaining is, whether a bill for an injunction would lie in such a case.

Mr. Justice Story says: "Where easements or servitudes are annexed by grant, or covenant, or otherwise, to private estates the due enjoyment of them will be protected against encroachments by injunction."   2 Story's Eq., sec. 927.

It was said by Judge Burks, in *Sanderlin* v. *Baxter*, 76 Va. 305:  "Damages in repeated suits would not compensate in such a case.   The injury is irreparable, and calls for a preventive remedy such as a court of equity only can furnish.   That court constantly interposes by injunction where the injury is of that character.   By the term irreparable injury it is not meant that there must be no physical possibility of repairing the injury; all that is meant is, that the injury would be a grievous one, or at least a material one, and not adequately reparable in damages."   See also Kerr on Injunctions, ch. 15, sec. 1, p. 199; *Manchester Cotton Mills* v. *Town of Manchester*, 25 Gratt. 825 and 828; *Switzer* v. *McCulloch*, 76 Va. 777; *Anderson* v. *Harvey*, 76 Va. 386 and 398; *Rakes* v. *Rustin L. M. Co.*, 22 S E. R. 498-9.

The very construction of this building, as we have seen, shows that it was never intended that the passage way might be cut in two, and that it cannot be done without great injury, and the evidence further shows that if changed according to the

plans of appellee, appellant would have to knock down his brick wall and change the whole interior of his office, or have no access either to his office or to the vacant ground in the rear, except by making a door in the front of his office opening immediately on the street, or else have only a three-foot passage way, either to the inner door of his office or to the vacant ground in the rear. The contention of appellee that if his proposed change did destroy appellant's hallway he could with small expense cut his brick wall, and put a door from the street into his office is unreasonable, and equity will not sustain such a contention.

We agree with counsel for appellant that it does not stand to reason that a six-foot passage way, which the builders of these offices considered necessary to the offices when Charlottesville was a village, is too wide as a passage when the place has become a populous city. To cut the passage way in half, and restrict appellant to the use of only a three-foot passage way, it will readily be seen, would not only materially injure him as a part owner of the six-foot passage way, but that the injury would be a continuing one. This being clearly so his remedy by injunction was proper.

It is contended by appellant that this court should not only reinstate the injunction awarded in the cause, but should finally determine the case on this appeal by perpetuating the injunction. We are of opinion, however, that upon the record as it stood when the Circuit Court dissolved the injunction at the May term, 1897, the decree of that court should have been to overrule the motion to dissolve the injunction, and to continue the cause for a hearing upon its merits.

The decree of this court, therefore, will be to reinstate the injunction with costs to appellant, and remanding the cause to the Circuit Court for such further proceedings therein as may appear in accordance with this opinion.

*Reversed.*