# Wytheville.

PRESTON AND OTHERS v. VIRGINIA MINING CO.

June 20, 1907.

1. PARTITION—*Nature of Estate to be Divided—Equity Jurisdiction.*—
   Where a party in possession of a tract of land claims, under a title
   paramount in time and wholly distinct from and hostile to the title
   of another party, who claims an undivided interest in the land
   under a subsequent grant from the commonwealth, the parties are
   neither tenants in common, joint tenants, nor co-parceners, and a
   court of equity is without jurisdiction to decree a partition of such
   land.

2. ADVERSE POSSESSION—*Color of Title—Deed from One Tenant in Com-
   mon.*—A stranger who takes a conveyance of the whole es-
   tate in a tract of land, and, in pursuance thereof, enters into
   the exclusive possession thereof, claiming title to the whole,
   and occupies, uses and enjoys the same adversely, openly, and
   notoriously for the statutory period, acquires title to the whole
   land, although the grantor may have owned only an undivided in-
   terest therein.  He is not a tenant in common with others who owned
   the land jointly with his grantor, and they cannot maintain a suit
   in equity against him for the partition of the same.

Appeal from a decree of the Circuit Court of Carroll county.
Decree for defendants.  Complainants appeal.

*Affirmed.*

The opinion states the case.

*White & Penn* and *W. D. Tompkins,* for the appellant.

*D. W. Bolen* and *Archer A. Phlegar,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This suit was instituted for the purpose of having partition of two small tracts of land of ten acres and a fraction each, lying a mile or more from each other in the county of Carroll, and within a large boundary of land owned by the appellee mining company. The circuit court held that the defendant mining company was not a tenant in common, joint tenant, nor co-parcener of the plaintiffs, and that a court of equity was, therefore, without jurisdiction to make partition of the two tracts of land in dispute. The bill was, therefore, dismissed, but without prejudice to the rights of the complainants to institute such action at law as they might be advised to test their right and title to any portion of the two tracts of land in controversy.

The claim of the appellants to be tenants in common with the appellee rests upon two separate grants, dated April 1, 1856, each for ten and a fraction acres, to Lorenza D. Blair, Martin W. Leonard and Lewis Starr, Blair taking a one-third interest and Leonard and Starr a two-thirds interest. Blair never parted with his interest in these two grants in his lifetime, and the same descended to his heirs at law. John F. Preston, through successive alienations, became the owner of the Leonard and Starr two-thirds interests, and died, leaving a will devising this interest in these grants, together with other property, to his wife, Jane M. Preston, who died intestate, and the appellants are her heirs at law.

The appellee claims title under the Rustin grant, bearing date in 1785, long anterior to the two grants of ten acres and a fraction each now in dispute. By deed dated September 2, 1889, The Rustin Land, Mining and Manufacturing Co. conveyed to A. J. Dull a number of tracts of land, including the two parcels in controversy, each of which is described by metes and bounds, and all lying contiguous to each other. After Dull had taken this deed, the heirs of L. D. Blair, one of the patentees under the grants of 1856, asserted a claim to five parcels of the land lying within the boundary which had been conveyed

to Dull. In order to avoid litigation and quiet his title, Dull bought the claim of the Blair heirs, and took from them a deed, dated November 12, 1889, to the five parcels, which included a conveyance by metes and bounds of the two ten-acre tracts in controversy; and on the 25th of the same month Dull conveyed all of these lands, including the two ten-acre tracts in question, to the appellee mining company.

These recitals show that the claim of the appellee to the land in controversy is under the Rustin survey, a title paramount in time, and wholly distinct from and hostile to that under which the appellants claim. This being so, the appellee does not bear to the appellants the relation of tenant in common, joint tenant, or co-parcener, and a court of equity has no jurisdiction to entertain this suit for a partition of such lands.

The evidence shows, as heretofore stated, that the purpose of the appellee in obtaining from the Blair heirs the deed of November 12, 1889, was to avoid litigation and quiet the title already acquired by it from the Rustin Mining and Manufacturing Co. It is, however, contended that the possession by the appellee of the land in dispute must be referred to the title which it has under the deed from the Blair heirs, because that title is consistent with the claim of the appellants to be tenants in common.

It is sufficient to say in reply to this contention, as to which we express no opinion, that if it were to prevail, the result would be the same to the appellants; for it satisfactorily appears from the evidence that A. J. Dull, the grantor of the appellee, was in possesion of the land in dispute on November 12, 1889, when the deed was made to him by the heirs of L. D. Blair, conveying, together with other lands, the whole of the two ten-acre tracts by metes and bounds, and that he continued in possession until the 25th of November, 1889, when he conveyed, by metes and bounds, the entire body of land he had purchased, including the two parcels in dispute, to the appellee. It further clearly appears from the evidence that from and

since the date of its deed, in November, 1889, the appellee has been continuously in the open, notorious and adverse possession of the boundary of land acquired by it, actively engaged in developing the minerals upon the land, and in a variety of ways multiplying the evidences of its possession and ownership. This suit was brought February 22, 1900, more than ten years after the date of the deed executed by the heirs of L. D. Blair, and more than ten years after the open, notorious, continuous and adverse possession of the appellee had begun. Inasmuch as the appellee was a stranger at the time it took a conveyance of the whole of the land in dispute and entered into exclusive possession under such conveyance, claiming title to the whole, it has the right to rely upon its adversary possession, and is not a tenant in common with the appellants. *Johnston* v. *Va. C. & I. Co.*, 96 Va. 158, 31 S. E. 85.

The court, therefore, had no jurisdiction to entertain this suit for partition, and the bill was properly dismissed.

These conclusions make it unnecessary to consider other assignments of error.

The decree appealed from must be affirmed.

*Affirmed.*