Syllabus.

# Staunton

VIRGINIA COAL AND IRON COMPANY V. HYLTON AND OTHERS.

September 11, 1913.

Absent, Keith, P.

1. DEEDS—*Severance of Surface and Minerals—Deed by One Joint Tenant.*—While the general owner of land may grant any or all of the underlying minerals and remain the owner of the surface, or may grant the surface, reserving any or all of the underlying mines, and thus sever the title of the surface and the underlying mineral or minerals, yet such a conveyance, by less than all the joint tenants where land is so held, does not effect a severance of the mineral interest from the surface, but makes the grantee, if he be a stranger, a tenant in common with the joint tenant, who did not unite in the conveyance.

2. JOINT TENANTS—*Deeds—Severance of Title.*—While a joint tenant has capacity to transfer his undivided share in the land, he has no right to convey by metes and bounds any part of the land, or to convey the mineral and reserve the surface to the prejudice of his co-owners. A conveyance from one joint tenant of land owned in fee to a stranger cannot effect a severance of his interest in the land from that of the other joint tenants, but makes the grantee a tenant in common with the other joint tenants, and *a fortiori*, a like conveyance of his mineral interest only cannot operate a severance of his mineral interest from the surface.

3. ADVERSE POSSESSION—*Deed by One Tenant in Common—Color of Title.*—If a stranger to the title takes a conveyance of the whole estate in a tract of land from one who is only a tenant in common with others, and enters into the exclusive possession of the land, claiming title to the whole, it is an ouster of the other co-tenants, and the grantee so entering and claiming title may rely upon his adversary possession, if continued for the statutory period.

4. TENANTS IN COMMON—*Possession by One—Presumption—Adverse Possession.*—The entry and possession of one tenant in common is ordinarily deemed the entry and possession of all, and this

presumption will prevail in favor of all until some notorious act of ouster or adversary possession is brought home to the knowledge of the others. Yet a tenant in common may enter adversely and claim in severalty, and, where he does, the statute of limitations will run in his favor and against his tenants in common.

5. ADVERSE POSSESSION—*Land and Minerals—Deed to Fee—Presumption—Ouster of Co-tenant—Case in Judgment.*—When one enters upon land he is presumed to enter under the title which his deed purports on its face to convey, both as to the boundary or extent of the land and the nature of his title. In the case in judgment, the grantee did not enter as a tenant in common, but under a deed conveying the whole land in fee with covenants of a general warranty. There had been no severance of title of the surface and minerals, and his claim of title to the whole land, including the underlying minerals, from the time of entry under his deed, operated as an ouster of the other tenants in common and gave him the right to rely upon his adversary possession, which, if continued for the statutory period, bars the other tenants both as to the land and the underlying minerals.

6. ADVERSE POSSESSION—*Color of Title—Underlying Minerals.*—Where there has been no severance of title to the surface of land and the underlying minerals, a conveyance in fee of the land constitutes color of title to the whole tract, minerals as well as surface, and adverse possession of the surface for the statutory period, claiming title to both surface and the underlying minerals, gives title to both, although the minerals be claimed by another under a prior deed, which was ineffectual to constitute a severance.

Appeal from a decree of the Circuit Court of Wise county. The complainant appeals from a decree which was in part adverse to its claim.

*Reversed in Part.*

The opinion states the case.

*Bullitt & Chalkley,* for the appellant.

*Vicars & Peery* and *Henry & Graham,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This suit was instituted by the appellant, The Virginia Coal and Iron Company, for the purpose of obtaining partition of the coal and other minerals in and under a 700 acre tract of land lying in Wise county. The appellant claimed an undivided four-fifths interest in the mineral under a conveyance to J. D. Price and A. J. Steinman from the wife and three of the four children of James M. Gibson made in the year 1874. The appellant by regular conveyances acquired the title of Price and Steinman to the said mineral interests. After the conveyance to Price and Steinman the children of James M. Gibson, including Tabitha, who was not a party to that deed, made a parol partition of the 700 acre tract of land. The land was divided into three parcels—the share of Tabitha, the wife of George W. Hylton, and the share of C. W. Gibson, her brother (who had sold or contracted to sell his share to George W. Hylton), being laid off as one parcel. Afterwards H. F. Gibson and W. B. Gibson exchanged the parcel allotted to each of them. The owners of the mineral interests other than Hylton's wife were not parties to that partition and so far as the record shows had no notice of it.

One of the defenses set up by the present owners of the Hylton parcel of land and the W. B. Gibson parcel, known in the record as the Van Buren Bolling land, is that they are the owners of the mineral by adversary possession. The appellant insists that the conveyance to Price and Steinman of the minerals embraced in their deed operated as a severance of the mineral interest from the surface. This is denied by the appellees. They claim that in order for a conveyance of the mineral in land to effect a severance of the mineral interest from the surface, the grantor in the deed must be the owner of the legal title, and that as the grantors in the deed to Price and Steinman were not, as the appellees claim, the owners of the legal title when they

conveyed the mineral interest, such conveyance did not effect a severance.

Whether the grantors were or were not the owners of the legal title at that time, or whether or not it be true as contended by the appellees that a severance of the mineral interest from the surface is not effected by the conveyance of the mineral and a reservation of the surface unless the grantor in such conveyance be the owner of the legal title, need not be determined in this case; for if it were held that the grantors in that deed were clothed with the legal title, or that the conveyance by the owners of the equitable title would effect a severance as well as a conveyance by the owner of the legal title, there was no severance in this case.

It is well settled that the general owner or owners of land may grant all the minerals in the land, or any particular species of them, as coal, iron or lead, etc., and remain the owner or owners of the surface, etc., or may grant the land and reserve the minerals or any particular species of them and thus create a separate estate in the minerals, or mineral, reserved distinct from the land in which they are found. *Va. Coal & Iron Co.* v. *Kelly,* 93 Va. 332, 336, 24 S. E. 1020; *Interstate C. & I. Co.* v. *Clintwood, &c.,* 105 Va. 574; 54 S. E. 593; *Morison* v. *American Association,* 110 Va. 91, 65 S. E. 469; *Adam* v. *Briggs,* 7 Cush. (Mass.) 361, 366-7; *Caldwell* v. *Copeland,* 37 Penn. St. 427, 78 Am. Dec. 436; Barringer and Adams on Mining, &c., 35-6. Yet such a conveyance by less than all the joint tenants where land is so owned, does not effect a severance of the mineral interest from the surface, but makes the grantee, if he be a stranger, a tenant in common with the joint tenant who did not unite in the conveyance.

While a joint tenant has capacity to transfer his undivided share in the land, he has no right to convey by metes and bounds any part of the land, or to convey the

mineral and reserve the surface to the prejudice of his co-owners. 1 Minor's Real Prop., sec. 889, and authorities cited; Freeman on Co-tenancy, secs. 196-198.

The reason for this doctrine is stated by Chief Justice Shaw in *Adam and Others* v. *Briggs Iron Co.,* 7 Cush. 361, 368, and by Allen, P., in *Robinett* v. *Preston,* 2 Rob. (41 Va.) 273, 276-8.

In this case if the grantors in the conveyance to Price and Steinman had conveyed their entire undivided interest in the land, the surface as well as the minerals, it would not, no matter how that interest was described, have effected a severance of their interest in the land from that of their sister, Mrs. Hylton, but would have made their grantees tenants in common with her. *Robinett* v. *Preston's Heirs, supra; Cox* v. *McMullen,* 14 Gratt. (55 Va.) 422; *Buchanan* v. *King,* 22 Gratt. (63 Va.) 422; *Wood* v. *Early,* 95 Va. 307, 312-13, 28 S. E. 374; Freeman on Co-tenancy, secs. 194-6. *A fortiori,* a like conveyance of their undivided mineral interest only could not operate as a severance of their mineral interest from the surface.

In some jurisdictions a conveyance by less than all of joint tenants of their interest in the land by metes and bounds, or of their mineral interest only, seems to be regarded as void against their co-tenant (*Adam, &c.,* v. *Briggs, supra;* Freeman on Co-tenancy, 198-203), but with us while one joint tenant cannot make any conveyance to the prejudice of his co-tenants, yet the deed is not void, but would, especially under our statute, be effectual to pass the interest conveyed, making his grantee a tenant in common with his grantor's co-tenants. Code, sec. 2419; *Robinett* v. *Preston's Heirs, supra; Cox* v. *McMullen, supra; Buchanan* v. *King, supra; Wood* v. *Early, supra;* Freeman on Co-tenancy, *supra.*

The next question to be considered is whether or not Hylton or those claiming under him acquired title to the

mineral interests claimed by the appellant in that portion of the 700 acre tract allotted in the parol partition as the shares of Hylton's wife and her brother, C. W. Gibson, by adversary possession. This partition as before stated was made after the sale and conveyance of the said mineral interest to Price and Steinman by the children of James M. Gibson, who seem to have considered their mother as having a mere dower interest in the land. At least they divided the land into four shares, laying off Mrs. Hylton's and C. W. Gibson's shares together as one parcel, Hylton at the time of the partition having purchased or contracted to purchase the interest of C. W. Gibson. So far as the record shows, neither the wife nor either of her children have ever questioned the validity of said partition, and it seems to have been acquiesced in by all of them. In the year 1877, after the partition, the wife and children of James M. Gibson, other than Hylton's wife, executed a deed to Hylton, in consideration (as recited therein) of two hundred dollars, by which they conveyed to him "a certain tract or parcel of land," describing it by metes and bounds, with covenants of general warranty. The parcel of land, it is conceded, or at least is clearly shown, to be the same parcel allotted as the shares of Hylton's wife and C. W. Gibson in the parol partition, but no reference is made in the deed to the partition. In October, 1880, after James M. Gibson had obtained a conveyance from the heirs of Wm. Boggs, from whom the appellees claim that James M. Gibson purchased the 700 acre tract, or at least a part thereof (but had not fully paid the purchase price and obtained a conveyance), Gibson executed a deed to Hylton in consideration of $600, as recited therein, by which he conveyed the same land embraced in the said conveyance of 1877 (though no reference is made to that deed) with covenants of general warranty. Both deeds were duly recorded. The appellees claim that Hylton took actual pos-

session of the land under the conveyance of 1877, and has ever since in person or by tenants been in possession thereof claiming it in fee. The appellant claims that Hylton and his wife went into possession of the surface of the land after that deed was made, and that they and those claiming under them have continued in the possesion of the surface down to the present. But it denies that such possession gave Hylton possession of the minerals under the facts and circumstances of this case.

. It is well settled in this State that where a purchaser, if he be a stranger to the title, takes a conveyance of the whole estate in a tract of land, although his grantor was only a tenant in common with others, and in pursuance thereof enters into the exclusive possession of the land, claiming title to the whole, it is an ouster of the other cotenants and the grantee so entering and claiming title may rely upon his adversary possession if continued the statutory period. *Johnston* v. *Va. Coal & Iron Co.*, 96 Va. 158-163, 31 S. E. 85; *Preston, &c.*, v. *Va. Min. Co.*, 107 Va. 245, 248, 57 S. E. 651; Freeman on Co-tenancy, sec. 197.

It is also well settled that as between tenants in common and others claiming in privity, the entry and possession of one are ordinarily deemed the entry and possession of all, and this presumption will prevail in favor of all until some notorious act of ouster or adversary possession is brought home to the knowledge of the others. Until there is notice, actual or constructive, that the possession is hostile, it will be deemed amicable, notwithstanding the tenant's possession may have been wholly adversary. *Stonestreet* v. *Doyle*, 75 Va. 356, 378-9, 40 Am. Rep. 731; and cases cited; *Pillow* v. *Southwest, &c., Co.*, 92 Va. 144, 23 S. E. 32, 53 Am. St. Rep. 804. Yet a tenant in common may enter adversely and claim in severalty, and where he does the statute of limitations will run in his favor and against his tenants in common. See *King* v. *Carmichael*,

136 Ind. 20, 35 N. E. 509, 43 Am. St. Rep. 303; *Clymer*
v. *Dawkins,* 3 How. (U. S.) 674, 11 L. Ed. 778; *Bradstreet*
v. *Huntington,* 5 Pet. 402, 438-440, 8 L. Ed. 170; *Ricard*
v. *Williams,* 7 Wheat, 591, 5 L. Ed. 398; *Caperton* v.
*Gregory,* 11 Gratt. (55 Va.) 505; Tyler on Ejectment, 882;
*Joyce* v. *Dyer,* 189 Mass. 64, 75 N. E. 81, 109 Am. St. Rep.
603; *Greenhill* v. *Biggs,* 85 Ky. 155, 2 S. W. 774, 7 Am. St.
Rep. 579; *Johnson* v. *Toulmin,* 18 Ala. 50, 52 Am. Dec. 212;
*Crawford* v. *Meis,* 123 Iowa 610, 99 N. W. 186, 66 L. R. A.
154, 101 Am. St. Rep. 337.

In considering the question whether or not Hylton's
entry and possession was adversary and hostile, the fa-
miliar principle must be borne in mind that when one
enters upon land he is presumed to enter under the title
which his deed purports upon its face to convey, both as
to the boundary or extent of the land and the nature of his
title.    The deed to Hylton from his wife and children of
James M. Gibson in the year 1877 purported to convey the
fee in the whole.    It is not controverted that he entered
and took possession of the land under that deed, and in
the absence of anything to the contrary he is presumed
to have entered under a claim of title to the whole in fee.
This is not a case where a tenant in common being, or en-
tering into, possession as such afterwards attempts to claim
that his possession was adverse to his tenants in common.
Hylton did not enter as tenant in common.    From the
first he is presumed, indeed he is proved, to have claimed
under his deed, and there is nothing to show that he or
those who claim under him ever acknowledged that the
title to the land was anything other than as it appeared
upon the face of his deed.

If Hylton had been in possesion of the land under the
parol partition as the vendee of C. W. Gibson, or perhaps in
right of his wife, a different question would be presented;
but taking a conveyance, which was duly recorded, of the

whole land in fee with covenants of general warranty, and under such deed entering into the actual possession thereof claiming title to the whole, must, we think, be regarded as an ouster of the other tenants in common and give Hylton the right to rely upon his adversary possession, which if continued the statutory period would bar the other tenants.

The evidence clearly shows that Hylton was in the exclusive possession of the land from the year 1877, when he entered under the conveyance of that date, claiming title to the whole tract in fee, until the institution of this suit, a period of thirty years or more. He paid taxes on it throughout these years as the fee simple owner; resided upon it the greater portion of the time; conducted mercantile operations upon it; built upon it, cleared portions of it, and mined coal for his domestic purposes and small quantities for sale. Whether his coal operations during that period would have been sufficient to have given him title to the coal if the mineral interest had been severed from the surface need not be considered, since as we have seen there was no such severance; but unquestionably his acts of adversary possession were sufficient to create in him a complete title to the land in fee, mineral as well as surface, for his deed covered both.

It follows from what has been said that there was no error in the circuit court's action in reference to the Hylton portion of the 700 acre tract.

The action of the circuit court in holding that the appellant was the owner of a four-fifths mineral interest in the Van Buren Bolling parcel of the 700 acre tract of land, and decreeing a partition of the mineral interest therein, is assigned as cross error.

When W. B. Gibson conveyed his undivided mineral interest in the 700 acre tract of land to Price and Steinman, he was only about nineteen years of age. After his ma-

turity he sold, as he claims, the surface in the share of the 700 acre tract (which he acquired under the parol partition and by exchange with his brother, H. F. Gibson) to William Merricks and directed his father, James M. Gibson, whom he seems to have thought was the holder of the legal title, to convey the same to Merricks. His father in 1880 executed a conveyance to Merricks, by which he conveyed or undertook to convey the said parcel in fee, with covenants of general warranty. This conveyance it is claimed was a disaffirmance of the conveyance made by W. B. Gibson to Price and Steinman, since it made no reservation of the mineral interest theretofore sold them. Gibson testified that Merricks knew that he had sold the mineral interest and that he was only selling and intending to sell him the surface. This is denied by Merricks, who testified that he purchased the land in fee in accordance with the terms of the conveyance made to him by J. M. Gibson. Whether or not the deed made by the father by the parol direction of the son, under the facts disclosed by the record, would make out a case of disaffirmance of the conveyance of the mineral made by W. B. Gibson to Price and Steinman, in the view we take of the case need not be considered, for if it did not Merricks and those who claim under him have acquired complete title to the land under color of title by adversary possession. Merricks went into possession of the land under his purchase from W. B. Gibson. He conveyed the same in fee simple with covenants of general warranty in the year 1884 to Ephraim Brock. Brock conveyed it with like covenants to J. H. Stallard in the year 1886, and in 1887 Stallard conveyed it with like covenants to Van Buren Bolling. It is not controverted, as we understand the record, that Merricks and those who claim under him have since the year 1880 been in the actual and uninterrupted possession of the surface of the land, claiming it as their own.

The contention of the appellant is that neither Merricks nor any of those who claim under him ever entered upon the coal or other minerals on or under the land. There is no evidence that they ever mined or used the coal or other minerals in any way, and if there had been a severance of the mineral interest from the surface no case of title to the minerals by adversary possession would be proved; but as there was no severance of the minerals and the conveyance to Merricks was in fee without any reservation of the minerals, the conveyance to him and the conveyance to those who claim under him was color of title to the whole tract, mineral as well as surface.   Merricks and those claiming under him having been in the adversary possession of the land, claiming title to the whole fee for more than the statutory period, the claim of the appellant to the mineral interest therein was barred, and the circuit court erred in not so holding.

The court is of opinion that in so far as the decree of the circuit court holds that the appellant has any interest in the mineral on the Van Buren Bolling land and directs partition thereof with costs, it is erroreous and must be reversed, and in other respects affirmed.

*Reversed in Part.*