# Fordson Coal Co. v. Vanover et al.

Oct. 2, 1942.

Cleon K. Calvert for appellant.

L. D. Lewis and William Dixon, Jr., for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This appeal is from a judgment declaring appellees, E. M. Vanover and Milda Witt, to be the owners of an undivided one-fourth interest in 300 acres of land of which the appellant, Fordson Coal Company, claims entire ownership and decreeing partition of the land.

The land in controversy was originally owned by Davis Wooten and by inheritance became vested in his two sons and two daughters, one of these daughters being Elizabeth Wooten, the mother of appellees.

In 1882 a deed was executed purporting to convey the land in controversy to John Brewer. This deed, as recorded, was signed and acknowledged by the two sons and one daughter of Davis Wooten but there was no certificate of acknowledgement as to Elizabeth Wooten, mother of appellees, nor does the name of Elizabeth Wooten appear signed to the deed although she appears as a grantor in the identification clause. Appellant is successor in title to John Brewer and claimed the entire title by virtue of this succession while appellees claimed one-fourth interest by inheritance from their mother, Elizabeth Wooten, who, apparently, did not join in the execution of the deed.

Appellant, by the first paragraph of its answer, denied the title of appellees and, by the second paragraph, pleaded the thirty-year statute, Kentucky Statutes, section 2508, in bar of appellees' right to maintain the action.

It will thus be seen that appellees had apparent record title to the one-fourth interest claimed by them. Appellant attempted to show by parol evidence, however, that Elizabeth Wooten, the mother of appellees, signed and acknowledged the John Brewer deed although, as indicated above, the record of the deed in the clerk's office showed no such signing and acknowledgment. The evidence offered to establish the execution of the deed by Elizabeth Wooten was the testimony of two witnesses to the effect that they were present at the trial of an ejectment action by appellant against another person claiming a portion of the land in controversy in the District Court of the United States for the Eastern District of Kentucky and heard a brother of Elizabeth Wooten, who was a grantor in the deed in controversy, testify that he saw Elizabeth Wooten sign and acknowledge the deed. Portions of the record in that action were also

introduced in evidence showing that on the strength of this testimony judgment was rendered in behalf of appellant establishing title in appellant to the entire tract of land.

The chancellor adjudged this evidence insufficient to establish that Elizabeth Wooten had signed the deed and that the thirty-year statute had no application and rendered judgment accordingly for appellees, adjudging them to be the owner of the one-fourth interest claimed by them and decreeing partition of the land.

It is contended by appellant that the above mentioned evidence was the best evidence obtainable and was sufficient to show the execution of the deed by Elizabeth Wooten and that therefore the chancellor was in error in failing to adjudge that appellant had title to the entire tract. However, we are in accord with the chancellor's finding that this evidence was wholly insufficient to overcome the record of the deed made by the county clerk, showing no signing or acknowledgment by Elizabeth Wooten. The evidence of the witnesses as to hearing the brother of Elizabeth Wooten testify in another action that he saw her sign and acknowledge the deed was hearsay evidence pure and simple and the fact that it was the best evidence obtainable has no bearing on the question. Incompetent evidence is not made competent by the fact that it might be the best evidence obtainable. It is true that no exceptions were filed to this testimony and its incompetency was therefore waived, but, nevertheless, we think the chancellor was correct in adjudging that this meager evidence was insufficient to overcome the record of the clerk showing the failure of Elizabeth Wooten to sign and acknowledge the deed.

The chancellor was also correct in holding that the thirty-year statute had no application. Since, on the record before the chancellor, appellees were joint owners with appellant, such possession as appellant may have had of the land in controversy was also the possession of appellees. The possession by one tenant in common or joint tenant as such is the possession of his co-tenants also, and in the absence of proof to the contrary the presumption is that the possession was so held. Greenhill v. Biggs, etc., 85 Ky. 155, 2 S. W. 774, 7 Am. St. Rep. 579. Here there was no proof rebutting the presumption that the possession of appellant as joint owner was also the possession of its co-tenants, the appellees. Since

the possession of appellant in the circumstances shown in this case was also the possession of appellees, no right of action existed until their possession was denied or knowledge of the adverse character of the possession by their co-tenant was brought home to them. This being true the thirty-year statute has no application.

Since this appeal was docketed and the case briefed by appellant a motion has. been made by appellant to file additional evidence in this court in the form of a photostatic copy of the John Brewer deed, showing that Elizabeth Wooten did sign and acknowledge the deed. It is stated that the original deed was found after the judgment was rendered and the appeal docketed. We are urged, in view of this showing, to reverse the judgment in order to save further litigation under section 518 and section 344 of the Civil Code of Practice.

As individuals we have no reason to doubt the truth of the statement by appellant's counsel that he has the original deed in possession and that it shows execution by Elizabeth Wooten but it would be contrary to all rules of evidence and procedure for us to give consideration to evidence wheelbarrowed into court in this manner. Being human, as well as members of a court, we must admit that this abortive attempt induced us to stretch every nerve to find some way to reverse the judgment but, without indulging in legal insincerity, we are unable to do so. Our regard for settled principles of law and procedure compel us to affirm the judgment and relegate appellant to due and orderly procedure in an endeavor to correct any injustice resulting to it from the judgment.

Judgment affirmed.