OPINION OF THE COURT
Alfred J. Weiner, J.
Petitioner seeks a court order authorizing it to medicate respondent with psychotropic medication. Respondent was admitted to Rockland Psychiatric Center on July 11, 1995 on a CPL status. She was then converted to a two physician certificate status in accordance with Mental Hygiene Law § 9.27.
The respondent is 55 years of age and her diagnosis is schizophrenia, undifferentiated type. She has refused to take medication on the grounds that her religious beliefs as a Christian Scientist prohibit her from taking such medication.
Petitioner contends respondent has failed to prove a valid religious objection to the administration of medication. That she should be medicated over her objections since she is incapable of determining the course of her medical treatment and that the benefits of proposed - medication would outweigh the risks of the same.
A person’s right to practice his or her religious beliefs is protected by the Free Exercise Clause of the First Amendment to the Federal Constitution as applied to the States through the Fourteenth Amendment and by the free exercise provision of the Constitution of this State. (US Const 1st, 14th Amends; NY Const, art I, § 3.) That protection may be limited only in the face of overriding compelling State interest; and, such a compelling State interest exists only where the free exercise of one’s religion "endangers, clearly and presently, the public health, welfare or morals”. (In re Brooks, 32 Ill 2d 361, 372, 205 NE2d 435, 441 [1965]; e.g., Jacobson v Massachusetts, 197 US 11 [1905] [upholding compulsory vaccination in the interests of public health]; Prince v Massachusetts, 321 US 158 [1944] [preventing violation of child labor laws]; Lawson v Commonwealth, 291 Ky 437, 164 SW2d 972 [1942] [upholding statutes prohibiting the handling of snakes during religious ceremonies as protective of public health and safety]; see also, Religious Freedom Restoration Act of 1993, 42 USC § 2000bb [a] [3] [restoring "compelling governmental interest” test as applicable test after its rejection by the United States Supreme Court in Employment Div., Ore. Dept. of Human Resources v Smith, 494 US 872 (1990)].)
In Winters v Miller (446 F2d 65 [2d Cir 1971], cert denied 404 US 985 [1971]), plaintiff had been a practicing Christian Scien *661 tist for 10 years prior to her involuntary confinement in a psychiatric ward at Bellevue. Despite her continued religious objections to psychotropic medication, the staff repeatedly forcibly medicated her. Finding that the plaintiff had religious views which "pre-dated by some years any allegations of mental illness, and [that] there was no contention that the current alleged mental illness in any way altered those views” (supra, at 69), the court held that plaintiff’s First Amendment right to freedom of religion had been violated and remanded the case for further proceedings to determine damages. (Supra, at 65.) In reaching that conclusion, the court adopted the reasoning of the Illinois Supreme Court in In re Brooks (32 111 2d 361 [1965]), which held that even when a life is at stake, if an individual is declared legally incompetent, he is nevertheless entitled to refuse treatment based upon his religious beliefs. (Winters v Miller, supra, at 69; see also, Matter of Melideo, 88 Misc 2d 974 [Sup Ct, Suffolk County 1976].)
The court finds that the respondent was raised as a Christian Scientist. She did not begin to practice her religion as an adult until approximately 15 years ago. Thereafter, she became gradually less religious until approximately two years ago when she stopped practicing the Christian Science religion completely. She has never sought any assistance from Christian Science practitioners for her present mental illness.
There is no compelling State interest present under the circumstances of this case to require the respondent to take medication over her objection, if, in fact, she demonstrated that this would be contrary to her sincere religious beliefs. However, the court finds that the respondent has not offered any evidence that she has religious beliefs at the present time that prohibit her from taking the medication being requested by petitioner.
The treatment with psychotropic medication is indicated, with the reasonable hope that this would bring about improvement in her condition and would lead to recovery. Petitioner has demonstrated that respondent lacks the capacity to make a reasoned decision regarding the proposed treatment. Furthermore, the proposed treatment is narrowly tailored to serve the best interests of the respondent. (Rivers v Katz, 67 NY2d 485.)
Accordingly, the application is granted.