# Richmond.

BRADLEY AND ALS V. ZEHMER AND ALS.

DECEMBER 16th, 1886.

Absent, LEWIS, P.

1. EQUITY JURISDICTION—*Partition—Title.*—Code 1873, ch. 120, sec. 1 authorizes the court in making partition of land to take cognizance of all questions of law affecting the legal title that may arise in any proceeding.
2. RES JUDICATA.—This doctrine applies to all matters existing at the time of giving the judgment or decree, which the party had opportunity to bring before the court.  *Adams* v. *S. V. R. R. Co.*, 76 Va. 913.
3. DEEDS—*Construction—Case at bar.*—In construing a written instrument, the agreement of the parties must be derived from a consideration of it as a whole. So considered, it is manifest that under the Brooks' deed, the grantee, Bradley, took only an estate for the life of Charles Zehmer.

Error to judgment of corporation court of the city of Manchester, rendered 6th February, 1885, in an action of ejectment, wherein Eliza Zehmer and others were plaintiffs and James F. Bradley and others were defendants.

Judgment was for the plaintiffs, and the defendants, having excepted to various rulings of the court below, obtained a writ of error and *supersedeas* from one of the judges of this court.

Opinion states the case.

*S. D. Davies* and *D. L. Pulliam*, for the plaintiffs in error.

*Christian & Christian* and *Collier & Budd*, for the defendants.

Lacy, J., delivered the opinion of the court.

The defendants in error instituted an action of ejectment against the plaintiffs in error for the recovery of a certain lot situated in the city of Manchester. The plaintiffs recovered in the said action and the defendants brought the case here by writ of error. A brief statement of the facts are necessary, and the case is as follows:

In 1827, Charles Zehmer devised the real estate in question in the following language: "I lend to my son, Charles G. Zehmer all my real estate *during his natural life*, and *give to his heirs and their heirs forever* the said real estate with all and singular the rights and appurtenances thereto and thereunto belonging, but if my son, Charles Zehmer, should happen to die before he comes of age or afterwards without lawful issue, it is my desire that all my real and personal estate shall be equally divided between the children of" (other named persons).

On the 9th of March, 1846, Charles Zehmer, the above-mentioned devisee, granted the lot in controversy, part of the real estate devised from his father under his will to John Brooks. In the deed, he used this language: "conveying all title I have under my father's will, being only a life estate, for him, the said John Brooks, to have and to hold," &c. John Brooks died intestate and his son, James M. Brooks, to whom the said lot had descended (together with his wife) by deed of February, 1866, conveyed the same to James L. Bradley, using this language: "The interest in said lot being an estate for and during the life of Charles G. Zehmer, and is the same property which was conveyed by the said Zehmer to John Brooks, the father of the said James M. Brooks, the interest of the said

Zehmer being an estate for life devised him by the will of his father."

James M. Bradley having died intestate, a suit was brought by his heirs-at-law to have the said lot partitioned among them; a doubt arising in the progress of the suit as to the degree of estate held by the said James L. Bradley in the said land, the bill was amended, and Charles G. Zehmer and the other persons named in the will, and their children, contingently interested in the said real estate upon the contingency mentioned in the will of Charles Zehmer, deceased, were made parties, and the court, in that suit, ascertained the degree of estate in the said real estate held by the said James M. Bradley *to be an estate for the life of Charles G. Zehmer only.*

From this decree the heirs of James M. Bradley applied for an appeal to this court, which was refused by all the judges of this court, and such refusal entered of record.

Upon the death of Charles G. Zehmer, intestate, his heirs instituted this action against the tenants of the lot in controversy.

Upon the trial of the action the defendants excepted to the introduction in evidence of the record of the above-mentioned suit for partition of the real estate in question, and the instruction given by the court that the defendants in this action were estopped thereby to deny that the estate granted by Charles G. Zehmer to John Brooks by his deed of March 9, 1846 (which was also admitted in evidence), was an estate for the life of Charles G. Zehmer, the grantor.

The defendants also excepted to an instruction given by the court, that under the said deed to John Brooks the grantee took only a life estate.

The verdict being for the plaintiffs, the defendants moved for a new trial, which motion the court overruled, and the defendants again excepted.

There was no error in the instruction given by the court that the defendants were estopped to deny that the estate granted by Charles G. Zehmer to John Brooks by his said deed was an estate for the life of Charles G. Zehmer.

"The doctrine of *res adjudicata* applies to all matters which existed at the time of giving the judgment or rendering the decree, and which the party had the opportunity of bringing before the court." *Adams* v. *Shenandoah Valley Railroad Company,* 76 Va., 913; *Blackwell* v. *Bragg,* 78 Va., 539, and cases cited.

The decree in the said partition suit is objected to here, however, upon the ground that the court was without jurisdiction in that suit because it was a partition suit, and there was no dispute or controversy between the Bradley heirs among themselves on the question decided. But this objection cannot be sustained. The act which authorizes partition to be made by the court of equity between such persons provides: "and in the exercise of such jurisdiction may take cognizance of all questions of law affecting the legal title that may arise in any proceeding." Ch 120, sec. 1 Va. Code, p. 920.

It is insisted that this question did not arise *between the parties* to that suit; but it obviously did arise between them; there were no other parties to the suit until they, in invoking the court's jurisdiction, raised this very question by their amended bill, and convened the other parties by their amended bill. Obviously, in the exercise of its jurisdiction, the court was authorized to ascertain the estate to be sold and the proceeds of which was to be divided.

As to the exception to the introduction of the Brooks deed, and the instruction of the court that under that deed the grantee took only an estate for the life of Charles G. Zehmer, the grantor. The deed granted an estate for the life of the grantor expressly; these words were coupled with the others, all the

estate derived under my father's will; but one part of the instrument cannot be taken and the other rejected; the whole deed must be considered and the agreement of the parties derived by a construction of it as a whole, and the intent of the parties derived from its terms, that the vendor sold an estate for his life, and the vendee purchased an estate for his vendee's life, and this is the more apparent when we consider the terms of the Bradley deed by which the defendants' ancestor derived title. 2 Min. Inst. 949 and 962, Hob. 270; *Tebbs* v. *Duvall*, 17 Gratt. 349, 361; *Shelton* v. *Shelton*, 1 Wash. 59; *Wooten* v. *Redd*, 12 Gratt. 196; *Hatcher* v. *Hatcher*, 80 Va. 169. The demurrer to the declaration was insisted on in the argument here on account of a blank in lieu of a date; but by the process of this court the original declaration being brought here and inspected, the supposed blank appears to be a clerical omission only, and the declaration is perfect in form and the demurrer was properly overruled. Upon the whole case, and upon all the points raised by the argument here and the assignments of error, we are of opinion that there is no error in the judgment complained of.

As to the true construction of the will of Charles Zehmer, the elder, we express no opinion, not having held it necessary in this case to consider that question.

JUDGMENT AFFIRMED.