ALFRED KEYES, *pro ami., vs.* JAMES H. KETRICK *et al.*

PROVIDENCE—NOVEMBER 27, 1903.

PRESENT: Stiness, C. J., and Douglas, J.

(1) *Equity. Powers. Deeds. Life Estate and Reversion. Cloud on Title.*

A. conveyed certain land to B., for life, with power to mortgage or sell, if necessary, for her maintenance and support. B. conveyed the same to her son C., without consideration. C. conveyed to D., in trust, to pay the income to B. for her life, and after her death to reconvey to C., in fee. Subsequently D. bought of E., the husband of A.; his life estate in the land for $500, and procured the purchase money by a mortgage of said land, jointly with B., to F. Subsequently D., individually and as trustee, B., and C. gave a deed of a portion of the land to G., and G. gave a

mortgage thereof to H. Thereafter the mortgage to F. was cancelled. B. died intestate, and D. died leaving a will appointing his wife, I., executrix, and giving the residue of his estate to her, and leaving one child, J. Complainant, a minor son and sole heir of A., deceased, brought this bill, charging that the deeds from B. to C., from C. to D., from D., B., and C. to G., and the mortgage of G. to H. were void, and were clouds on his title; alleging that the attempted execution of the power by B. was void, because her necessities did not require it and because without consideration; and that I. and J. might be decreed to hold the portion of the land not conveyed to G., and also the life estate of E., as trustees for complainant. On demurrer:—

*Held*, that, while equity does not entertain a suit for removing a cloud upon title in favor of a party out of possession, claiming under a legal title against a party in possession under the deed supposed to constitute the cloud, in the present case E., the father of complainant, had an estate by courtesy still outstanding, giving complainant no present right of possession, and leaving no relief at law and hence equity had jurisdiction.

*Held*, further, that, in so far as the bill sought to hold I. and J. as trustees of the life estate of E. for the benefit of complainant, the bill was defective for repugnancy and for seeking contradictory relief, since complainant held the reversion unaffected by any unlawful acts of the life tenant, and without the power to adopt any of the unlawful conveyances as his own. Having no interest in the life estate of E., complainant could not complain of any conveyances which were made of that estate.

BILL IN EQUITY, seeking relief set forth in bill. Heard on demurrer to bill, and demurrer sustained.

DOUGLAS, J. The statements in the amended bill, which for the purposes of the present hearing on demurrer must be taken to be true, are: That the complainant is the minor son and sole heir of Annie X. Keyes, who died November 28th, 1901, intestate, leaving a husband, William D. Keyes, and another child who has since deceased. That Annie X. Keyes, being seized in fee simple of certain land situated in this county, on November 14, 1901, conveyed the same to Alice Ketrick for the term of her natural life, with power to mortgage or sell the same, if necessary, for her maintenance and support.

That on December 27, 1901, Alice Ketrick attempted to execute the power in the deed to her, and executed a conveyance of said land to her son James H. Ketrick. That this attempted execution of the power was void, because her necessities did not require it, and because no consideration

was paid by said James. That on February 10, 1902, said James conveyed said land to Dennis J. Holland in trust to pay the net income to said Alice Ketrick for her life, and after her death to reconvey the same to said James in fee. That on February 18, 1902, Holland bought of William D. Keyes his life estate in said land for $500, and procured the money to pay for it by executing a mortgage of said land, jointly with said Alice Ketrick, to the Pawtucket Institution for Savings, for $800. That on October 3, 1902, Holland, individually and as trustee, Alice Ketrick, and James H. Ketrick gave a deed of a portion of said land to one David A. Tyrrell, and the said Tyrrell gave a mortgage thereof to the Slater Trust Company for the sum of $800. That October 9, 1902, the mortgage to the Pawtucket Institution for Savings was cancelled and discharged. That Alice Ketrick died intestate November 12, 1902; that Holland died January 10, 1903, leaving a will by which Katharine J. Holland, his wife, is appointed executrix and is given the residue of his estate, and leaving also one child, Dorothy J. Holland, born March 19, 1902.

Upon these facts the complainant charges that the deeds from Alice Ketrick to James H. Ketrick, from James H. Ketrick to Holland, from Holland, Alice Ketrick, and James H. Ketrick to David A. Tyrrell, and the mortgage of Tyrrell to the Slater Trust Company are clouds upon the complainant's title, are wholly void and ought to be delivered up and cancelled, and he prays that the deeds aforesaid may be cancelled and the mortgage discharged. He further prays that Katharine J. and Dorothy J. Holland may be decreed to hold the portion of the land not conveyed to Tyrrell, and also the life estate of William D. Keyes, as trustees for the complainant and to convey the same to him.

The defendant Ketrick has demurred to the bill, on the grounds:—that the complainant has an adequate remedy at law; that the bill is multifarious in praying that the life estate bought by Holland be decreed to be held in trust for the complainant, and in praying for reconveyance of the title derived through this defendant; that the complainant should

offer to compensate the respondents for their outlays on the estate; that the bill is defective for repugnancy; that inasmuch as Alice Ketrick had the right to convey the estate which she had in the lands, the deeds should not be declared void except in so far as they purport to convey a greater estate.

(1)   The complainant's first substantial claim is that the deed from Alice Ketrick to her son was void for want of consideration and for want of power to convey.   All the respondents derive title from this deed, and if it be void their title to any estate beyond her life interest must fail, and as the life interest has elapsed the deeds should be cancelled.

If this were all the first objection would be valid; for the complainant could bring ejectment and recover the land, in whosesoever possession it might be.   *Phillips* v. *Brown*, 16 R. I. 279; *Grundy* v. *Hadfield*, 16 R. I. 579; *Stocker* v. *Foster*, 178 Mass. 591.

"Equity does not entertain a suit for removing a cloud upon a title in favor of a party out of possession claiming under a legal title against a party in possession under the deed or other written or record title which is supposed to constitute the cloud."   *Weaver* v. *Arnold*, 15 R. I. 53, 58.   But as the father of the complainant had a life estate by courtesy in the premises, which is still outstanding, the complainant has no present right of possession and cannot bring ejectment; and it is said that where a party out of possession has an equitable title, or where he holds the legal title under such circumstances that the law cannot furnish him full and complete relief, his resort to equity to have a cloud removed ought not to be questioned.   Pom. Eq. § 1399, n. 1.

One of the cases in which the law fails of giving complete relief is that of a remainderman or reversioner.   In *Stewart* v. *Meyer*, 54 Md. 454, the complainants were not in possession, but like the present complainant were owners of the reversion only.   The court says, p. 467: "They are interested only in the annual ground rents and in the estate of the reversion; they are not entitled to the possession, and could not therefore sue in ejectment for the recovery of the property.   Under the circumstances of this case, without resort to a proceed-

ing like the present, the parties would be without adequate remedy for relief against the effect of the *prima facie* title in the purchaser. In such cases equity asserts complete jurisdiction to remove the cloud from the title of the property involved, and to prevent unnecessary and vexatious litigation." 2 Sto. Eq. 694, 700.

"While one having the legal title to land with the right of possession would be compelled first to recover possession by ejectment before invoking this jurisdiction of equity to quiet it, yet the rule is different where the complainant's title is equitable or where, like a reversioner or remainderman, he is not entitled to possession by reason of the existence of a life or particular estate." *Woodstock* v. *Fullenwider*, 87 Ala. 584.

It is said in *Aiken* v. *Suttle*, 72 Tenn. 103, 109: "A remainderman is not obliged to wait until the right of possession has accrued, but may have a cloud removed during the existence of the particular estate.

"A remainder is a present right though the enjoyment is future, and the owner may desire to dispose of it or in some way to make it available to his needs, and he is entitled to have it relieved from a cloud impairing its value and perhaps rendering it wholly unavailable."

The first ground of demurrer, therefore, is untenable.

The second substantial claim of the complainant is that the deed of the complainant's father, William D. Keyes, to Holland, conveyed the life estate in trust because it was paid for from the proceeds of the estate which was wrongfully conveyed. If this is so, the heirs of Holland should be directed to convey this interest to the complainant. It is clear, however, that this cannot be so if the allegations of the bill are true, and the complainant cannot have this relief if he insists upon the prayer to cancel the deeds. If these deeds had never been made, the petitioner would have the reversion and his father the estate by courtesy.

If the petitioner obtains the cancellation of the deeds, he can have no more than if they had never been made; the life estate will still be outstanding.

The second claim proceeds on the theory that he has the op-

tion of ratifying the sale or mortgage in so far as the proceeds went to purchase the life estate, and hence may enforce a trust for his benefit upon the residue of the land, or compel a conveyance to himself subject to the mortgage from which the money to buy the life estate was derived. He would thus obtain the reversion, less the cost of the life estate, and the life estate.

We know of no principle of law upon which such a theory can be supported. The statute prescribes that when a life tenant conveys in terms a larger estate than he has, the conveyance shall not work a forfeiture of his life estate, as it would at common law, but shall operate to convey only the estate which he has a right to convey. Gen. Laws cap. 201, § 7.

The complainant here still owns the reversion, unaffected by any unlawful acts of the life tenant, and that is all he ever had. We do not see how he can adopt any of the unlawful conveyances as his own, as they were not made on his account or by persons who occupied any relation of trust or agency towards him. If such an option existed, the complainant is an infant and could not exercise it. He could not make a mortgage, neither can he ratify one which he did not make. This claim, therefore, is void upon its face. As the bill is drawn the two claims are not clearly distinguished, or their inconsistencies would have been apparent at once. The bill is thus defective for repugnancy, and the relief prayed for is also excessive and contradictory. If, as we have seen, the complainant has no interest in the estate for the life of William D. Keyes, he cannot complain of any conveyance which the parties made of that estate, but can only have the deeds and mortgage declared void as pretended conveyances of, and clouds upon, his reversion in fee.

The demurrer is sustained on these grounds.

*Claude J. Farnsworth and John W. Daniels*, for complainant.

*James M. Gillrain and Thomas P. Corcoran*, for respondent Ketrick.