# Richmond.

KAVANAUGH AND OTHERS V. SHACKLETT'S ADMINISTRATOR.

November 17, 1910.

Absent, Keith, P., and Cardwell, J.

1. DOWER—*Bill in Equity to Recover.*—A widow entitled to dower may, under section 2276 of the Code, file her bill in equity to recover the same, and jurisdiction, having attached for that purpose, is not affected by the fact that her bill prays for relief to which she is not entitled.

2. BILL TO RECOVER DOWER—*Cross-Bill for Partition.*—Admitting that a court of equity cannot sell the lands of an infant at the suit of a doweress, to commute her dower therein, nevertheless the Virginia statute on the subject of partitions makes full provision for the sale of land for the purpose of partition, at the suit of a party entitled to compel partition, when partition in kind cannot be conveniently made; and, in a suit to recover dower, a defendant entitled to partition may, by cross-bill, upon a proper showing, ask to have the land sold for the purpose of partition as well as assignment of dower.

3. INFANTS—*Appearance by Guardian Ad Litem—Impeachment of Decree.*—If an infant has appeared in a suit by a guardian *ad litem* regularly appointed for that purpose, he is bound by the proceedings and decrees made in the suit, and cannot afterwards, in an independent suit, impeach them for errors and irregularities in the suit in which they were rendered.

4. PROCESS—*Appearance—Estoppel.*—Parties to a suit for partition who have participated, personally and by counsel, in the litigation, have signed an agreement to commute the widow's dower, and accepted their full share of the purchase price of the land sold, though not served with process, are bound by the proceedings, and are estopped to object to the want of process.

Appeal from a decree of the Circuit Court of Rockingham county confirming a judicial sale. Purchasers appeal.

*Affirmed.*

The opinion states the case.

*D. O. Dechert* and *J. B. Stephenson*, for the appellants.

*Sipe & Harris*, for the appellees.

WHITTLE, J., delivered the opinion of the court.

This appeal by James M. Kavanaugh and Joseph V. Kavanaugh is from a decree confirming a judicial sale of improved property in the town of Harrisonburg, known as the "Shacklett Property," at which sale the appellants became the purchasers for the price of $38,000.

The ground of objection to confirmation of the sale (which was made under a decree in the case of *Samuel Shacklett* v. *Buford G. Shacklett's Admr.*, &c.) is that the title to the property is defective, and that the court cannot confer a marketable title on the purchasers.

Appellants, to sustain their contention, vouch the record in the case of *Nannie R. Shacklett* v. *Frances L. Roller*, etc., from which it appears that Henry Shacklett died testate in the year 1898, survived by his widow, Nannie R. Shacklett, and two children, Fannie E. Shacklett and Buford G. Shacklett, and two grand-children, Frances L. Roller and Margaret S. Roller. Henry Shacklett died seized of considerable real estate, including the property in controversy, which he devised subject to the rights of his widow, to his children and grand-children. The will first provided an annuity of $800 for the widow, but afterwards, by codicil, testator declared, that "Instead of legacies to my wife, I desire she may have just what the law allows her—which I believe is one-third of my estate."

In 1899, the widow filed her bill against the devisees for the recovery of her dower. Though she expresses the opinion that dower cannot be allotted to her in kind without prejudice to the rights of others, the bill prays "that due ascertainment

may be made as to whether the real estate of which Henry Shacklett died seized is susceptible of partition in kind, and allotment of dower to your complainant therein as by law required, and if not whether the same should be sold as by law permitted;" and that she may be decreed dower in said property. The infant defendants, Frances L. Roller and Margaret S. Roller, answered by guardian *ad litem*, and Buford G. Shacklett filed his answer and cross-bill, in which he alleges that the real estate is not susceptible of such division as to make it practicable to assign dower in kind to the widow and is not susceptible of partition in kind among the devisees. He, therefore, asks that his answer be treated as a cross-bill, and prays that the land be sold, and that out of the proceeds dower be assigned to the widow and the residue distributed among the parties according to their respective rights. The cause was heard at April term, 1900, upon the original bill, process executed as to all the defendants, the answer of the infants by guardian *ad litem*, the answer and cross-bill of Buford G. Shacklett, and the bill taken for confessed as to the other defendants. With respect to the cross-bill, the decree recites, that the "adult defendants appeared in court, by counsel, and waiving their right of process the cross-bill is taken for confessed as to them." The infants answered by guardian *ad litem;* and, thereupon, the court decreed a sale of the lands. The lands were sold accordingly, and Buford G. Shacklett became the purchaser of the "Shacklett Property" for $9,500, and the sale was duly confirmed. The commuted dower of the widow was ascertained, and on November 9, 1900, a decree was entered, that unless the widow and devisees and the guardian and guardian *ad litem* of the infant defendant, Margaret S. Roller (Frances L. Roller in the meantime having attained her majority) should, within twenty days from the rising of the court, agree in writing to the payment of the commuted dower to the widow, then the receivers, out of the funds arising from the sale of real es-

tate, should pay the uncommuted dower of the widow to the general receiver, who should invest the same safely, and pay to the widow the annual income arising therefrom. The agreement outlined by the decree of the court was executed by all the parties on the following day; and John E. Roller, father of the infant defendant, Margaret S. Roller, was appointed a special receiver to hold the share of his infant daughter in the proceeds of sale of the lands.

The contention is not sound, that the decree of sale of the lands whereof Henry Shacklett died seized is a nullity. If it were conceded that Nannie R. Shacklett took her interest in the real estate of her deceased husband by operation of law as doweress, and not by purchase as a devisee under his will, still she had the right to file her bill in equity to recover dower. Va. Code, 1904, sec. 2276. And the jurisdiction of the court having attached for that purpose, was not affected by the circumstance that the bill may have prayed for relief to which she was not entitled. The correctness of the general proposition, that a court of equity cannot sell the lands of an infant at the suit of a doweress to commute her dower therein, may be admitted. Nevertheless, the Virginia statute on the subject of partitions makes full provision for such relief at the suit of a party entitled to compel partition, where partition in kind cannot be conveniently made. Va. Code, 1904, sec. 2566. That was the manifest purpose of the cross-bill of Buford G. Shacklett. The court of equity had already acquired jurisdiction of the parties and the subject matter in the suit to recover dower, and the object of the cross-bill was to enable the devisees to obtain relief, with respect to lands acquired by them under the testator's will, to which they were plainly entitled but which could not be granted under the original bill. That is one of the ordinary functions of a cross-bill. The cross bill was regularly matured as to the infant defendants, and they are, therefore, bound by the proceedings and decrees.

In *Turner* v. *Barraud*, 102 Va. 324, 46 S. E. 318, it is said: "The only way known to our law of bringing an infant before a court is by a guardian *ad litem* appointed to conduct his defense for him. If he has appeared in a suit by a guardian *ad litem* regularly appointed for that purpose, he cannot afterwards, in an independent suit, impeach a decree rendered against him for errors and irregularities in the proceedings in the suit in which the decree was rendered; but if no guardian *ad litem* was appointed or recognized by the court, he is not bound by the action of one who assumed to act for him, and the decree against him is void and may be collaterally assailed.."

It may be conceded, moreover, for the purposes of this discussion, that counsel for the adult defendants, in the absence of special authority, could not appear and waive process on the cross-bill; yet, those defendants would clearly be estopped by subsequent conduct from taking advantage of such irregularity, even in that case. The record conclusively shows that personally and by counsel they participated in the litigation from commencement to conclusion. After the sale, when put on terms by the court, they signed the agreement of November 10, 1900, consenting that the widow should receive commuted dower out of the proceeds; and, finally, they accepted the avails of the litigation, their full share of the purchase price of the lands sold. The sale was made more than ten years ago, the infant defendants have long since come of age, and there is not a suggestion of purpose on the part of any devisee of Henry Shacklett to question the validity of Buford G. Shacklett's title to the "Shacklett Property."

In these circumstances, the decree of the circuit court, confirming the sale to the appellants, was plainly right and must be affirmed.

*Affirmed.*