CHARLES H. LAWTON *vs.* LOUISE F. LAWTON.

FEBRUARY 18, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney and Barrows, JJ.

(1)  *Equity.  Cloud on Title.  Remedy at Law.*

A bill in equity seeking to remove a cloud upon title to land is subject to the general rule that in order to obtain relief, complainant must be without adequate remedy at law.

(2)  *Equity.  Cloud on Title.*

In the absence of statute giving a right to proceed in equity a claimant out of possession must in most instances vindicate his title at law, and equity as a general rule will not entertain a suit for removing a cloud against the party in possession.

(3)  *Equity.  Cloud on Title.*

One in possession of property not being able to settle his title by means of a suit at law in ejectment can only obtain relief in equity.

(4)  *Equity.  Cloud on Title.*

In a bill in equity to remove a cloud on title a complainant is required to allege and prove that he is in possession or that by reason of circumstances he has title but not a present right of possession.

(5)  *Husband and Wife.  Property Rights.  Conveyances.*

A wife now has full property rights independent of her husband.  As far as relates to her power to convey and to take property she comes within the designation of "another person" from her husband.

(6)  *Husband and Wife.  Conveyances.*

The provision in sec. 20, cap. 253, Gen. Laws, 1909, that "lands tenements and hereditaments or a thing in action may be conveyed by a person to himself jointly with another person" includes the power of a husband to make such conveyance to himself jointly with his wife.

BILL IN EQUITY.  Heard on appeal of respondent and appeal dismissed.

SWEETLAND, C. J. This is a bill in equity to quiet complainant's title to certain real estate in Cranston.

The allegations of the bill are as follows. The complainant on July 22, 1922, was seized and possessed in fee simple of the real estate described in the bill. By deed of that date duly recorded he conveyed the same to himself and Cora E. Lawton, his wife, to hold as joint tenants and not as tenants in common. On April 26, 1923, Cora E. Lawton died intestate leaving as her only heir at law and next of kin her minor daughter Louise Frances Lawton, the respondent. In reliance upon said deed the respondent disputes the complainant's title to and right of possession of said estate as the survivor of himself and Cora E. Lawton, and asserts that, because of the incapacity of the complainant to create a joint tenancy in the estate by deed directly from himself to himself and wife, the legal effect of the conveyance was to vest the whole estate in Cora E. Lawton in fee simple, which estate is now in the respondent as sole heir of Cora E. Lawton. The bill alleges further that the claim of the respondent under said deed constitutes a cloud upon the complainant's title to said real estate and embarrasses his attempts at alienation of the same.

Upon the application of the complainant a guardian *ad litem* for the minor respondent was appointed by the Superior Court, and the respondent through her guardian *ad litem* filed an answer to the bill. The cause was heard before a justice of the Superior Court upon bill, answer, replication and proof and a final decree was entered granting the prayer of the bill and decreeing that the deed described in the bill conveyed an estate in fee simple to the complainant and his wife as joint tenants; that upon the death of his wife the complainant as survivor became seized and possessed of said real estate in fee; that at the time of her death the mother of the respondent was not seized of an estate of inheritance in said real estate and respondent as heir at law of her mother took no estate, title or interest in the real estate under said deed. The case is before us upon

the respondent's appeal from this decree of the Superior Court.

(1) A bill in equity seeking to remove a cloud upon title to land is subject to the general rule that in order to obtain relief the complainant must be without adequate remedy at law. In the absence of statute giving a right to proceed (2) in equity a claimant out of possession must in most instances vindicate his title at law, and equity as a general rule will not entertain a suit for removing a cloud against the party in possession. *Weaver* v. *Arnold,* 15 R. I. 53; *Keyes* v. *Ketrick,* 25 R. I. 468. One in possession not being able to settle his title by means of a suit at law in ejectment can (3) only obtain relief in equity. It follows that strictly a complainant is required to allege and prove that he is in possession or that by reason of circumstances he has title but not a (4) present right of possession as was the case presented in *Keyes* v. *Ketrick,* 25 R. I. 468.

In this case the complainant neither alleged nor proved that he was in possession. The Superior Court, however, took jurisdiction of the bill of complaint and we assume that the justice found from the circumstances of the case that the complainant was in possession. We will determine the question which the respondent has sought to bring before us by her reasons of appeal. The case however should not be regarded as a departure from the rule formerly enunciated by this court, that in the absence of special circumstances a suit in equity for the purpose of quieting title can not be entertained except upon the complaint of one in possession, and that such complainant should allege and prove the fact of his possession.

The determination of this appeal requires a construction of Section 20, Chapter 253, Gen. Laws, 1909, in force at the time of the execution of the deed in question, and now Section 20, Chapter 297, Gen. Laws, 1923. This section is as follows: "Sec. 20. In deeds hereafter made, lands, tenements, and hereditaments, or a thing in action, may be conveyed by a person to himself jointly with another person

by the like means by which it might be conveyed by him to another person; and may, in like manner, be conveyed by a husband to his wife and by a wife to her husband, alone or jointly with another person." This section so far as it relates to the situation presented at bar must be considered in the light of other statutory provisions dealing with the property rights of married women and particularly with Section 4, Chapter 246, Gen. Laws, 1909, now Section 4, Chapter 290, Gen. Laws, 1923, which is as follows: "Sec. 4. A married woman may sell and convey directly to, or may take directly from, her husband or any other person, any estate or interest in any real or personal property, in the same manner and with the same effect as if she were single and unmarried. But nothing herein contained shall be construed to support any transfer made between husband and wife in fraud of creditors."

It may be said generally that husband and wife no longer constitute one person in our law. The wife now has full property rights independent of her husband. As far as relates to her power to convey and to take property she comes within the designation of "another person" from her husband. The provision in Section 20, Chapter 253, Gen. Laws, 1909, "that lands, tenements, and hereditaments, or a thing in action, may be conveyed by a person to himself jointly with another person" includes the power of a husband to make such conveyance to himself jointly with his wife. It is contended that the latter clause of the section, however, constitutes a limitation upon the provision which precedes it, and is intended to exclude from the operation of the section a conveyance by a husband or wife directly to the grantor jointly with his or her spouse. Since the clause empowers a husband to convey directly to his wife alone the whole of his estate in land or any interest therein, and since husband and wife without question may together hold an estate in joint tenancy, there appears to be no reason for the limitation upon which the respondent insists. The latter clause of the section we regard as

another expression of the power of husband or wife to convey directly to and take directly from his or her spouse any estate or interest in real property "in the same manner and with the same effect as if she were single and un-married" as is provided in Section 4, Chapter 246, Gen. Laws, 1909, quoted above. In view of the evident liberal intent of the two sections quoted we think that the words "another person" in the clause in question may be broadly interpreted to include the grantor husband or wife. We are confirmed in this construction from a consideration of the historical connection between the two sections, *i. e.*, Section 20, Chapter 297 and Section 4, Chapter 290, both of Gen. Laws, 1923. Each of these sections first appeared in our statutes in Gen. Laws, 1896, the one with reference to the rights of a married woman directly to convey to and to take real or personal estate from her husband being Section 5, Chapter 194, and the one with reference to the power of a person to convey to himself jointly with another person being Section 20, Chapter 202, Gen. Laws, 1896. Gen. Laws, 1896, was not merely a compilation of our then existing statute laws but in a large degree was a thorough revision and addition to those laws, made by a commission appointed by the Governor, in accordance with Chapter 831, Public Laws, 1890. It appears in the preface to the publication, and it is shown by reference to the statutes in force before this revision, that the commission recommended a large number of new provisions, which were adopted by the General Assembly. These new provisions included some relating to property and the conveyance of property, and some pertaining to the domestic relations. Among those so adopted were the two sections now under consideration. In the publication, which by resolution of the General Assembly was prepared and printed under the supervision of the secretary of the commission, there appears opposite each of these sections a marginal reference to the other. We feel fully warranted in holding that in their proposal by the commission and their enactment by the General Assembly

the two sections were regarded as related provisions and that the clause in question was not intended as a qualification or restriction upon any of the powers or rights conferred in either of the sections quoted.

· We hold that the deed in question did convey to the complainant and his wife a joint tenancy in fee simple in said real estate with the right of survivorship incident to that tenancy, and that the respondent inherited no interest therein as the heir of her mother.

The appeal is dismissed. The decree appealed from is affirmed. .The cause is remanded to the Superior Court for further proceedings.

*Daniel A. Colton,* for complainant.

*Fred B. Perkins, McGovern & Slattery,* for respondent.