# Richmond

MARY E. LEONARD, ET AL. v. MARGARET C. BOSWELL, EXECUTRIX, ETC. ET AL.

January 16, 1956.

Record No. 4459.

Present, All the Justices.

The opinion states the case.

*James Keith*, for the appellants.

*Richardson, McCandlish, Lillard, Marsh & Van Dyke*, for the appellees.

WHITTLE, J., delivered the opinion of the court.

Mary E. Leonard, widow of David Leonard, Jr., deceased, and their five children, being the heirs at law of the deceased, appellants, complain of a decree of the Circuit Court of Fairfax County entered on November 22, 1954, adjudicating the principles of the cause in which Margaret C. Boswell, Executrix of Daisy M. Leonard, et al., are appellees; the parties to the suit being all of the heirs at law of David Leonard, Sr.

The case developed as follows: David Leonard, Sr., died intestate on June 1, 1912, seised of a tract of land containing 45 acres, located in Fairfax County. He left surviving him as his sole heirs at law his seven children, namely: Sarah Ellen Arnold, Alexander Leonard, Daisy M. Leonard, James H. Leonard, Grace Leonard, Rose Leonard, and David Leonard, Jr.

On August 31, 1917, Sarah Ellen Arnold, having married and moved away, filed a bill in the Circuit Court of Fairfax County requesting the partition of the 45 acres. The bill alleged that the land was susceptible of partition in kind and that there had been ascertained as her equitable portion a tract containing 6.386 acres, which complainant (Sarah Ellen Arnold) was willing to accept, relinquishing all claims to the residue.

The bill prayed that the land be divided between the parties in the manner and to the extent "set forth therein", or else that the property be sold and the proceeds divided. The bill was sworn to by complainant.

All respondents except Rose Leonard answered the bill in proper person. The answer expressed their willingness that Mrs. Arnold receive the share requested by her but stated "that these respondents desire to keep the lands of their father intact, as far as possible, and desire to hold the same * * * as joint tenants, with right of survivorship, but they are willing that the complainant, Sarah Ellen Arnold, have set off to her an equitable portion of the real estate to be held by her individually * * *", upon her relinquishing to the other heirs at law the remainder of the real estate. The answer requested that the remainder of the land, other than that set off to Mrs. Arnold, be set off in bulk to these respondents "as joint tenants with the right of survivorship", and stated that respondents were "willing that such shall be the decree of the court".

Rose Leonard, one of the heirs, had been adjudged insane. She was at the time of the suit in a mental institution in the District of Columbia. Her sister, Grace Leonard, was her duly appointed committee, and as such filed an answer similar in all respects to the answer filed by the other heirs. In addition, a guardian *ad litem* was appointed for the incompetent, who filed a formal answer committing her interest to the court's protection.

On September 26, 1917, a final decree was entered in which it was recited that the prayer of the bill was reasonable and acquiesced in by the respondents and the guardian *ad litem*; that the suggested allotment of 6.386 acres to Mrs. Arnold and the residue to the other heirs of David Leonard, Sr. was fair and equitable. Whereupon it was decreed that Mrs. Arnold's portion referred to be set off to her and the remainder be set off to the other heirs at law of David Leonard, Sr., as joint tenants with the common law rights of survivorship.

The decree of the court was duly carried out, deeds being executed by special commissioners appointed for the purpose. Mrs. Arnold was given her allotted share and entered into possession; the possession of the residue being entered upon and held by the respondents as joint tenants.

As of the date of this appeal, the seven children of David Leonard, Sr. were dead. Alexander died in 1930, intestate and without issue; Rose (insane) died in 1941, intestate and without issue; Sarah Ellen Arnold died intestate (date unknown), leaving three children; James died in 1952, intestate, leaving a widow; David, Jr. died in 1953, leav-

ing a widow and five children (appellants here); Daisy died testate in 1953, and Grace died testate in 1954.

By deed dated December 29, 1939, Daisy M. Leonard, Grace Leonard, James H. Leonard and wife, and David Leonard, Jr. and wife, conveyed a strip of land containing 0.58 of an acre, to the Commonwealth for highway purposes. Rose Leonard, being incompetent, her interest in the strip of land was acquired by condemnation.

In 1953, after the death of David Leonard, Jr., but before the death of Grace Leonard and Daisy M. Leonard, a written offer to purchase the remaining land for $65,539.87 was submitted by Walter L. Phillips and wife. This offer was accepted in writing by Grace and Daisy Leonard, the surviving joint tenants, and also by the other surviving heirs at law of David Leonard, Sr.

On May 12, 1954, the complainants (appellees) filed a bill under the Declaratory Judgment Act [Title 8, ch. 25, § 8-578 through § 8-585, Virginia Code, 1950], setting forth all material facts heretofore disclosed. The bill prayed that the court enter a judgment declaring the interests of the parties in to the sum of money representing the purchase price of the land.

All parties in interest were before the court. The heirs of David Leonard, Jr. (appellants) answered the bill, challenging the power of the court to enter the decree in the 1917 partition suit "as to any of the parties, * * * and particularly as to Rose Leonard, who was an incompetent". The answer charged that the deed made by the commissioners in 1917 was null and void. It conceded that the contract to sell the land to Walter L. Phillips and wife was entered into but denied that Grace Leonard and Daisy M. Leonard were joint tenants and as such fee simple owners of the land. The allotment to Sarah Allen Arnold was not questioned.

To this answer complainants (appellees) filed a plea of estoppel in which all the material facts relevant to the partition suit in 1917 were set out. The plea asserted that David Leonard, Jr. "having requested that the residue of said tract of land be set off to him and others, as joint tenants with the common law right of survivorship in a suit properly brought in a court with jurisdiction of the property and all parties, having accepted and recorded a deed from commissioners of the Circuit Court of Fairfax County, Virginia, carrying out a decree of said court, having taken possession, retained possession, and exercised dominion over the land which was conveyed by said

decree from the year 1917 to the date of his death in 1953, * * * is estopped to deny the validity and legal effect of said deed and the jurisdiction of the Circuit Court * * * to enter the decree directing the execution of said deed." The plea further alleged that "Since the defendants claim through David Leonard, Jr. by intestate succession they are estopped to assert any claim which could not be asserted by David Leonard, Jr."

All necessary facts in the instant suit were stipulated, and all record evidence, including the 1917 partition suit, the papers in the condemnation proceeding, together with other documentary proof, were submitted to the court, duly authenticated.

Whereupon, on November 22, 1954, the decree presently complained of was entered. It adjudicated the principles of the cause, holding (1) that the 1917 decree was void in so far as it undertook to dispose of the interest of Rose Leonard (insane); (2) that the decree was valid and binding as a consent decree on all other parties to the suit; and (3) that the heirs of David Leonard, Jr. (appellants) were barred by laches and estoppel from denying the validity thereof except as it affected the interest of Rose Leonard.

The assignment of error is stated thus: "The trial court erred in upholding the decree of September 26, 1917, entered in the partition suit wherein a joint tenancy was created among the heirs at law of David Leonard, Sr. The court erred in holding that the heirs at law of David Leonard, Jr. are estopped to question the validity of said 1917 decree, and the court erred in holding that the heirs at law of David Leonard, Jr. are barred by laches from questioning said 1917 decree. * * *"

Appellees assigned cross-error to the court's ruling that the 1917 decree was void "in so far as the same undertook to dispose of the interest of the incompetent defendant Rose Leonard * * *", and in holding that appellants are not estopped to deny the validity of said decree in so far as it undertook to dispose of the share going to the incompetent.

Both appellants and appellees agreed that the court correctly fixed the shares of the parties in the sum of money "based on the rulings of the court", but contended that said shares were improperly fixed by virtue of the alleged errors.

Appellants state the question for decision as follows: "(T)he question in the case at bar is whether it (the court) had the power

to change the estate; that is, to exchange a coparceny for a joint tenancy." We will treat this question first.

Appellants argue that a partition suit is a creature of statute (Va. Code, 1950, Title 8, ch. 30, Article 3, § 8-690 through § 8-703); that its purpose is not to create new estates but merely "to adjust the rights of parties in possession". They argue that the estate of joint tenancy in land can only be created by the act of the parties, "never by act of law". The general principles here stated, while partly correct, are not determinative of the issue before us on the facts of the present suit.

The partition of real property *in kind* was an ancient heritage of equity jurisdiction, existing at common law independently of statute. To such extent the statutes are only declaratory of the common law. The Virginia statutes above referred to materially enlarge equity jurisdiction in suits for partition; new powers are conferred which were theretofore non-existent. Thus, the right of a cotenant to an *enforced sale* where partition in kind is impracticable, is a right created by statute. *Roberts* v. *Hagan*, 121 Va. 573, 93 S. E. 619.

Under the liberal provisions of our statutes we have held that an assignment of dower may properly be entered in a suit for partition, whether the two purposes be sought in the original bill or the prayer be presented in a cross-bill. *Carneal* v. *Lynch*, 91 Va. 114, 20 S. E. 959, 50 Am. St. Rep. 819; *Kavanaugh* v. *Shacklett's Adm'r.*, 111 Va. 423, 69 S. E. 335.

Section 8-690, Code, 1950, provides that the court "in the exercise of such jurisdiction may take cognizance of all questions of law affecting the legal title that may arise in any (such) proceedings between such tenants in common, joint tenants, coparceners and lien creditors." This provision is to be liberally construed. Lile's Equity Pleading and Practice (Meade), § 370, p. 213.

Thus it is now settled law that if a suit be properly one for partition, the court, having jurisdiction of the parties and the subject matter, may proceed to give complete relief. Even in matters of purely legal right the equitable as well as the legal rights of the parties may be determined. *Pillow* v. *Southwest Va. Improvement Co.*, 92 Va. 144, 23 S. E. 32, 53 Am. St. Rep. 804; *Morgan* v. *Haley*, 107 Va. 331, 58 S. E. 564, 122 Am. St. Rep. 846, 13 L. R. A. (N. S.) 732; *Miller* v. *Armentrout*, 196 Va. 32, 82 S. E. (2d) 491.

Section 8-691 expressly provides that the shares of two or more of

the cotenants may be laid off together if they so desire, and it would seem that regardless of the tenancy in which parties hold title to land they may contract for the right of survivorship. Freeman, Cotenancy and Partition, § 12; Anno. 1 A. L. R. (2d) 247. See also *Harlan* v. *Weatherly*, 183 Va. 49, 31 S. E. (2d) 263.

In so far as the *sui juris* parties are concerned the court in the 1917 partition suit had jurisdiction of them as well as the subject matter of the suit. It is a concessum that the competent parties to the suit could have created among themselves a joint tenancy with the right of survivorship as at common law. *Lawton* v. *Lawton* (1927), 48 R.I. 134, 136 A. 241; *Ames* v. *Chandler* (1929), 265 Mass. 428, 164 N. E. 616; *Colson* v. *Baker* (1904), 87 N. Y. S. 238, 42 Misc. Rep. 407; Anno. 62 A. L. R. pp. 526, 527. This being so, the court having jurisdiction of the parties and the subject matter, could, at their request, appoint commissioners to act in their behalf and thus accomplish the desired result through the entry of the consent decree which was neither more nor less than a contract between the parties to the suit, entered of record, with the consent of the court. *Barnes* v. *American Fertilizer Co.*, 144 Va. 692, 705, 706, 130 S. E. 902; 11 M. J., Judgments and Decrees, § 173, p. 216.

In partition suits a court of equity, acting under authority conferred by statute, does not act merely in a ministerial character and in obedience to the call of the parties who have a right to the partition, but its action is founded upon its general jurisdiction, and its relief is granted and administered *ex aequo et bono* according to its own notions of justice and equity. *Hinton* v. *Bland's Adm'r.*, 81 Va. 588, 593.

Thus the commissioners' deed in the 1917 suit, executed and delivered pursuant to the consent decree, was valid to pass, release, or extinguish the right, title and interest of all competent parties on whose behalf it was executed. *Clem* v. *Givens*, 106 Va. 145, 149, 55 S. E. 567; Minor on Real Property, 2nd ed. (Ribble), Vol. 2, § 898, pp. 1146, 1147; Code of Va., 1904, § 3418, now §§ 8-670, 8-671, Va. Code, 1950.

The conveyance executed by the commissioners pursuant to the decree creating the joint tenancy had the effect of a mutual conveyance executed by the parties themselves, under which the competent parties acquired one and the same interest in the land, accruing to them by one and the same conveyance, commencing at one and the same time, and held by the same undivided possession.

Counsel for appellants argued at bar that the contention regarding the joint tenancy allegedly created by the 1917 decree is based upon the technical character of the estate of joint tenancy; that such estates are not presently favored in general, and particularly not in Virginia where the legislature has abolished the right of survivorship as an incident to the estate. (§ 2430, Code of Va., 1904, now § 55-20, Va. Code, 1950). This section, however, is not applicable where it is manifest from the tenor of the instrument that it is intended that the part of the one dying should belong to the survivors. § 2431, Code of Va., 1904, now § 55-21, Va. Code, 1950; *Vasilion* v. *Vasilion*, 192 Va. 735, 738, 739, 66 S. E. (2d) 599, 601.

It is conceded that the competent parties to the 1917 partition suit expressly requested that the court create in them a joint tenancy with the right of survivorship as at common law. Such joint tenancy was thus created by the parties and not "by act of law", such as descent or other act of law. *Case* v. *Owen*, 139 Ind. 22, 38 N. E. 395, 47 Am. St. Rep. 253.

A partition decree, though invalid as to some of the parties, may be ratified by those parties who treat it as valid by accepting the provisions of the decree. The parties who so accept their portion, thus ratifying the decree, are bound by it and are estopped from alleging its invalidity. 40 Am. Jur., Partition, § 75, pp. 63, 64, 65.

In the absence of a contrary public policy or prohibitive legislation, the express intention of the parties should override purely formalistic objections to real estate conveyancing based upon technical distinctions. There is no contrary public policy or prohibitive legislation affecting the joint tenancy here created. (Va. Code, 1950, § 55-21).

■ It was conceded in argument at bar that if the commissioners' deed in 1917 was not void "appellants are much too late". We here hold that the 1917 deed was valid in so far as the competent parties are concerned, and that the parties claiming under David Leonard, Jr. are estopped at this late date to contest the deed which was expressly requested by their predecessor in title. It would be highly inequitable to permit a party to a suit to assume one position and succeed in maintaining it, and thereafter because his interests have changed, to assume a contrary position, especially if it is to the prejudice of other parties who had acquiesced in the position formerly taken by him. *Rhea* v. *Shields*, 103 Va. 305, 49 S. E. 70;

*Kiser* v. *W. M. Ritter Lumber Co.*, 179 Va. 128, 18 S. E. (2d) 319.

It is next contended by appellants that, assuming the 1917 deed to be valid, the conveyance of the fraction of an acre to the Commonwealth for highway purposes, together with the court's decree holding the 1917 decree void as to Rose Leonard, the insane person, was sufficient to destroy the joint tenancy. With this we do not agree. The conveyance to the Commonwealth operated only as a severance of the joint tenancy with respect to the parcel conveyed. It had no effect on the residue. Freeman, Cotenancy and Partition, § 34.

As said in Minor on Real Property, 2nd ed. (Ribble), § 850, pp. 1094, 1095:

"If one joint tenant *conveys* his share to a third person, according to the power reserved to him (notwithstanding he is otherwise seised only *per totum conjunctim*), or in *equity,* which looks upon what ought to be done as actually done, if he *contracts to convey,* the jointure is severed, as to the tenant *so conveying;* and as between his alienee and the other tenants, it is turned into a tenancy in common. For instance, if A, B, and C are joint tenants in fee, and A alienes to Z, Z is thenceforward, as to B and C, a tenant in common, but as between themselves, B and C are still joint tenants." See also 5 M. J., Cotenants, §§ 31 and 40, pp. 59 and 74.

Tiffany on Real Property (Abr. ed., 1940) § 284, says:

"The unity of title is destroyed by conveyance by a joint tenant. If one of two joint tenants thus disposes of his interest, the other joint tenant and the grantee become tenants in common, while if one of three or more joint tenants conveys his interest to a third person, the latter becomes a tenant in common with the others, who, however, remain joint tenants as between themselves. * * *" See also *Va. Coal & Iron Co.* v. *Hylton,* 115 Va. 418, 421, 422, 79 S. E. 337; *Va. Coal & Iron Co.* v. *Richmond Etc. Corp.,* 128 Va. 258, 268, 104 S. E. 805.

As stated above, the sale to the Commonwealth of the fraction of an acre has no effect upon the joint tenancy created in the residue of the estate, and the court's decree in the instant suit holding void the decree of 1917 as to Rose Leonard, the incompetent, had only the effect of making Rose Leonard a tenant in common with the *sui juris* joint tenants.

We now consider the cross-error assigned by appellees

wherein they contend that the court erred in holding the 1917 decree void as to Rose Leonard, the incompetent. Admittedly, the land in this instance could have been partitioned in kind, and while it is true that the decree in the 1917 suit possibly could have inured to the benefit of Rose Leonard, we are of the opinion that the chancellor properly held the decree void as to her. *Cauthorn* v. *Cauthorn*, 196 Va. 614, 620, 85 S. E. (2d) 256, 259, 260.

It cannot be argued that the 1917 suit fully complied with the requirements of the statutes providing for the sale of lands belonging to persons under disability. Such persons being favorites of equity their rights are strictly guarded. It is true that Rose Leonard's committee was a party to the suit and answered the same, and it is further true that she was represented by her guardian *ad litem*, but neither her committee nor her guardian *ad litem* had the right to change the nature of her estate by consenting to the decree. Such change of interest or sale of her share in the real estate could only be made through a decree of the court in a suit which properly met the necessary requirements. See 10 M. J., Insane and Other Incompetent Persons, § 12, p. 146.

Section 2616, Pollard's Code, 1904, now § 8-675, Va. Code, 1950, providing for sale or encumbrance of land of persons under disability, was not fully complied with in this instance. No evidence was taken to show that the interest of Rose Leonard would be promoted by the exchange as required by § 2620, Pollard's Code, 1904, now § 8-682, Va. Code, 1950. Further, the bill in the 1917 suit fails to allege what other estate, if any, real or personal, was owned by the incompetent, and it fails to allege and there was no evidence taken to support the propriety of the exchange. In addition, Grace Leonard, committee for Rose Leonard, was technically a purchaser, as she was a participant in the joint tenancy created by the decree, in violation of § 5341, Va. Code, 1919, now § 8-684, Va. Code, 1950, which provides: "At such sale neither the guardian, guardian ad litem, committee, trustee, nor lessee under any such lease, shall be a purchaser directly or indirectly."

We do not here decide that the real estate of an incompetent cannot be disposed of in a partition suit even to the extent of effecting an exchange of the incompetent's interest into a joint tenancy where the proceedings are broad enough to comply with the statutory requirements. We do decide, however, that in this instance the rights

of the incompetent were not fully protected and the court properly held the 1917 decree void in so far as it merged Rose Leonard's interest into the joint tenancy.

The correct result having been reached, the decree appealed from is

*Affirmed.*