## Richmond

FRANK G. POOLE, ET AL. v. FIRST & MERCHANTS NATIONAL BANK,
ET AL., ETC., ET AL.

April 27, 1970.

Record No. 7066.

Present, All the Justices.

*Franklin J. Carter (Lewis W. Martin; G. Clinton Moore*, on brief),
for appellants.

*H. Marston Smith; W. Tayloe Murphy (Smith, King and Murphy*,
on brief), for appellees.

GORDON, J., delivered the opinion of the court.

The estate of W. Tayloe Murphy brought this suit against Frank
G. Poole for a declaratory judgment to resolve a controversy be-
tween them about a pond known as "Herring Pond" in Westmore-
land County.[1] The controversy arose because the Murphy estate
claims that Herring Pond is private property owned by it in fee

---

[1] The plaintiffs are First & Merchants National Bank and Katherine Griffith
Murphy, Executors and Trustees of the Estate of W. Tayloe Murphy, deceased, Wil-
liam Tayloe Murphy, Jr., and Helen Turner Murphy, his wife. The defendants are
Frank G. Poole, James F. Poole, Cloyed E. Poole, George Anna Poole, John A.
Young and Frances B. Young. References to "estate of W. Tayloe Murphy" or
"Murphy estate" are intended to include all the plaintiffs, and references to "Poole"
are intended to include all the defendants.

simple, whereas Poole claims that the pond is public property which he has the right to use and enjoy.

The Murphy estate owns record title to Herring Pond and lands adjoining the Pond on the east and the south, and Poole owns lands adjoining the Pond on the west. Both the Murphy estate's predecessor in title, W. Tayloe Murphy, and Poole's predecessor in title, Robert Murphy the younger, acquired record title to those properties under a decree entered October 28, 1924 in a suit brought to partition the lands of Robert Murphy the elder among his widow and sons. Va. Code Ann. §§ 5279-97 (1924) (now Va. Code Ann. §§ 8-690-703 (1957), *as amended* (Supp. 1968)).

Before the trial of this case the Murphy estate moved the court to strike Poole's answer, which asserted public ownership of Herring Pond, on the ground of res judicata and estoppel. The Murphy estate contended that the October 28, 1924 decree in the partition suit had conclusively determined, insofar as Poole was concerned, that Herring Pond was private property owned by W. Tayloe Murphy.

The court overruled the Murphy estate's motion, and the parties went to trial on the issue raised by Poole, whether Herring Pond was tidal and navigable and therefore public property. At the conclusion of the evidence the Murphy estate moved the court to strike Poole's evidence on the ground previously advanced, res judicata and estoppel, and on the second ground that the evidence supported only a finding that Herring Pond was private property owned by the Murphy estate. The court refused to sustain the motion on the first ground, but sustained the motion on the second ground and entered judgment for the Murphy estate.

Poole appeals from the adverse judgment, and the Murphy estate assigns cross-error to the refusal of the court to sustain its defense of res judicata and estoppel. Holding the assignment of cross-error well taken, we decide only that issue.

The Murphy estate contends that the October 28, 1924 decree in the partition suit, which vested title to Herring Pond in W. Tayloe Murphy, bars Poole, a privy to the partition suit, from again litigating title to the Pond. To support its position the Murphy estate cites *Bradley* v. *Zehmer*, 82 Va. 685 (1886) (decree in partition suit conclusive as to all questions affecting title to the property being partitioned, including all questions that the parties could bring before the court); *Farley* v. *Adkins*, 100 W. Va. 22, 130 S.E. 89 (1925) (decree in a partition suit cannot be attacked collaterally); *Owen* v. *Needham*, 160 N.C. 381, 76 S.E. 211 (1912) (title vested

in one party under a partition decree cannot be attacked by another party or his successor in title who claims title under a grant from the state); and *Annot.* 144 A.L.R. 9 (1943), wherein other cases are cited.

Poole contends that the rule of res judicata or estoppel should not be applied because the court in the partition suit did not and could not determine whether Herring Pond was tidal or navigable and therefore property of the Commonwealth of Virginia. Also, Poole contends that the doctrine of estoppel, being a creature of public policy, should not be applied in this case, but "should yield to the greater question involving the public policy of permitting a further inquiry into the ownership of a portion of the public domain".

We agree with the Murphy estate's contention that the ownership of Herring Pond was necessarily an issue and was determined in the 1924 partition suit. "[I]n such a suit [a partition suit], even if all the parties were *sui juris,* there are at least four matters that cannot be covered by consent or stipulation: *the ownership of the property* (which includes the question whether the proper parties are before the court), its value, the liens, and the status of the parties as *sui juris* or *non sui juris." B. Lamb, A Virginia Cause* 60 (1955) (emphasis supplied).

In fact, the court in the partition suit did inquire into and determine the ownership of Herring Pond. The court first referred the cause to a commissioner to ascertain, among other things, what property Robert Murphy the elder owned at his death. The commissioner reported that Robert Murphy the elder owned a tract of land known as "King Copsico" and another tract, which report the court confirmed.

The court then referred the cause to special commissioners to recommend a scheme for division of King Copsico and the other tract among the widow and heirs of Robert Murphy the elder. The special commissioners recommended that the court allot to W. Tayloe Murphy, among other lands, Lot No. 6 containing 31.34 acres, as shown on a certain plat of King Copsico. That plat showed Herring Pond as Lot No. 6. The decree of October 24, 1924 approved the special commissioners' report and vested title to Herring Pond in W. Tayloe Murphy.

The plaintiffs in the partition suit having invoked the jurisdiction of the court to partition lands owned by Robert Murphy the elder, the court had the right to partition only lands that were owned by him. By entering the decree of October 28, 1924 the court

adjudicated that Herring Pond was property owned by Robert Murphy the elder and that title thereto was passed to W. Tayloe Murphy. By those adjudications the court necessarily adjudicated that Herring Pond was not public property.

The commissioners and the court in the partition suit determined that the value of Herring Pond and the other lands allotted to W. Tayloe Murphy equalled the value of the lands allotted to his brother Robert Murphy, after taking into account the liens upon the various parcels. It would be "highly inequitable", *Leonard* v. *Boswell*, 197 Va. 713, 720, 90 S.E.2d 872, 877 (1956), to permit Poole, who owns land allotted to Robert Murphy, to claim an interest in Herring Pond.

We hold that, insofar as Poole is concerned, the October 28, 1924 decree is res judicata, precluding Poole from denying that Herring Pond is private property owned by the Murphy estate. *See generally Cromwell* v. *County of Sac*, 94 U.S. 351, 24 L.Ed. 195 (1876); *F. James, Civil Procedure* 549-50 (1965). Since the Commonwealth of Virginia was not a party to the partition suit or this suit, our holding does not affect any claim it may assert to ownership of Herring Pond.

*Affirmed.*