[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Plaintiff in this declaratory judgment action has filed a memorandum of law in the nature of a motion to strike the Defendants' claim for a jury trial. Defendants have filed a memorandum opposing the position taken by the Plaintiff and in support of the claim for trial by jury. The Court will treat the Plaintiff's memorandum as a motion to strike jury trial demand, and the Defendants' memorandum as an objection to the Plaintiff's motion.
 FACTS AND TRAVEL
Tammy I. Smith (Plaintiff) and her now-estranged husband, James T. Smith, acquired title to 7 Walker Road, Foster, Rhode Island from her father-in-law, Edward J. Smith, by Quitclaim Deed dated August 31, 1999, which recites that the transfer is by way of gift. According to Plaintiff, one minute previous to the recording of this deed, Edward Smith recorded a mortgage deed from himself to J.T. Investments. Plaintiff contends that the mortgage deed is not valid for lack of consideration and that it is not properly notarized and/or acknowledged. Plaintiff filed the instant complaint for declaratory judgment seeking to clarify the uncertainty surrounding the validity and propriety of said mortgage and promissory note. In her complaint, the Plaintiff requests the Court to (1) declare the conveyance into Plaintiff and her estranged husband valid and further declare that any right, title or interest in or to the property is free and clear of a certain mortgage described in the complaint; (2) remove a cloud upon title that exists by virtue of said mortgage deed and promissory note; and (3) declare said mortgage deed and promissory note null and void. Defendants filed an answer and counterclaim for declaratory judgment seeking (1) a declaration that the property described in the complaint is subject to the mortgage of J.T. Investments; and (2) injunctive relief enjoining Plaintiff from further contesting the validity of the mortgage on the property. Defendants, in their responsive pleading, have made demand for a jury trial pursuant to Rule 38 of the Rhode Island Superior Court Rules of Civil Procedure.
 ANALYSIS
Rule 38 provides that "any party may demand a trial by jury of any issue triable of right by a jury." Super. R. Civ. P. 38(b). The Rules of Civil Procedure prohibit splitting a cause of action into two actions, one for legal and the other for equitable relief; rather, "the fusion of all claims, whether legal or equitable, or even both, into a single action is required." Rowell v. Kaplan, 103 R.I. 60, 67, 235 A.2d 91, 95
(1967). "Although our modern rules of civil procedure merged law and equity and abolished their separate forms of action, historical distinctions between actions at law and suits in equity remain relevant `for the purpose of determining the right to a jury trial.'" EgidioDiPardo Sons, Inc. v. Lauzon, 708 A.2d 165, 172 (R.I. 1998) (quotingRowell, 103 R.I. at 67, 235 A.2d at 96). Rule 38 "preserves inviolate the right of trial by jury as declared by the constitution and as given by statute, and it prescribes the procedures whereby such a trial may be had if the right to it exists." Rowell, 103 R.I. at 67, 235 A.2d at 96. Further, "it insures that issues which were formerly triable at law as of right to a jury are still triable in that fashion, and that those which under pre-rules procedures were considered equitable shall be triable by the court." Rowell, 103 R.I. at 67-68, 235 A.2d at 96. Essentially, the rule "neither restricts nor enlarges the right to a jury trial as it previously existed." Id. at 68, 235 A.2d at 96. Thus, in assessing whether a cause of action merits a jury trial, this Court must determine whether the issues were triable to a jury or to the court before the adoption of the rules. Egidio DiPardo Sons, Inc., 708 A.2d at 171.
In a declaratory judgment action, "the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39." Super. R. Civ. P. 57. "Although the origin of the declaratory judgment procedure largely is in equity, the remedy itself is neither legal nor equitable and the fact that a declaratory judgment is sought neither restricts nor enlarges any right to jury trial that would exist if the issue were to arise in a more traditional kind of action for affirmative relief." 9 Wright and Miller, Federal Practice andProcedure, § 2313 (2d ed. 1994). "[P]ostmerger courts have found it necessary to preserve the distinction between law and equity in the declaratory judgment context. A workable formula that has been developed is to determine in what kind of suit the claim would have come to court if there were no declaratory judgment remedy." Owens-Illinois, Inc. v.Lake Shore Land Co., 610 F.2d 1185, 1189 (3rd Cir. 1979).
A fair reading of the complaint and counterclaim suggests that the matter at issue in this declaratory judgment action is the enforceability of a certain mortgage and whether a conveyance was subject to, or free and clear of, the mortgage.[1] Historically, an action to determine the extent of a mortgagee's interest in property is properly brought by suit in equity. Dyer v. Cranston Print Works, 17 R.I. 774, 777, 24 A. 827, 829
(1892). Moreover, a suit to quiet title is also of an equitable nature.Rhode Island Hosp. Trust Nat'l Bank v. Boiteau, 119 R.I. 64, 65,376 A.2d 323, 324 (1977); see also Lawton v. Lawton, 48 R.I. 134, 136
(1927) (party in possession must bring a bill in equity to remove a cloud upon title); Keyes v. Ketrick, 25 R.I. 468, 56 A. 770 (1903). If a declaratory judgment action were not available, Plaintiff would most likely bring an action to cancel and rescind the mortgage and note. "The request for cancellation and rescission of the notes, mortgages and deed is basically equitable in nature and is therefore triable to the court and not to a jury." Rowell v. Kaplan, 103 R.I. 60, 68, 235 A.2d 91, 96
(1967). Accordingly, Defendants are not entitled to a jury trial with respect to the claims in Plaintiff's complaint.
Defendants also do not have a right to a jury trial on their counterclaim. Defendants first seek a declaration that the property is subject to the mortgage of J.T. Investments. In the absence of a declaratory judgment action, Defendants would assert their rights by seeking to foreclose the mortgage. Pursuant to § 34-27-1 of the Rhode Island General Laws, "[a]ny person entitled to foreclose the equity of redemption in any mortgaged estate, whether real or personal, may prefer a complaint to foreclose it, which complaint may be heard, tried, and determined according to the usages in chancery and the principles of equity." R.I.G.L. 1956 § 34-27-1; see also Rozelle v. Connecticut GeneralLife Ins. Co., 471 F.2d 29, 31 (10th Cir. 1972) (foreclosure of mortgage liens is equitable in nature and may be tried without intervention of a jury). Further, Defendants request an injunction to restrain Plaintiff from further contesting the validity of the mortgage on the property. "[T]here is no right to a jury trial . . . on a claim purely for injunctive relief." Rodriguez Rodriguez v. Munoz Munoz, 808 F.2d 138, 142
(1st Cir. 1986); see also Egidio DiPardo Sons, Inc.,708 A.2d at 172-73 (equity will issue an injunction when there is no adequate remedy at law). Accordingly, there is no right to a jury trial on either count in Defendants' counterclaim.
 CONCLUSION
The counts in both Plaintiff's complaint and Defendants' counterclaim are equitable in nature. Accordingly, Defendants' request for a jury trial is denied. Counsel shall prepare and present an appropriate order.
[1] In their Answer, the Defendants initially deny the allegation in Paragraph 5 of the Complaint relative to the Plaintiff and her former husband having acquired title to the subject property by way of quit claim deed. However, in their Counterclaim, Defendants allege in Paragraph 4 "That on August 31, 1999, Edward T. Smith executed a Quitclaim Deed to James T. Smith and Plaintiff, Tammy Smith for the premises at 7 Walker Road, Foster, Rhode Island" They further allege in Paragraph 5 of the Counterclaim "That the aforesaid Quitclaim Deed was subsequently recorded in the Foster Land Evidence Records in Book 85, at Page 772." Accordingly, by reason of that judicial admission, the Court deems the fee simple conveyance to the Plaintiff and her former husband to be undisputed. Crafford Precision Products Co. v. Equilasers, Inc.,850 A.2d 958, 963 (R.I. 2004). Therefore, neither the Complaint nor the Counterclaim requires the Court to try the issue of fee simple title to the subject real estate.